W. B. Curry, Acting Chief of Police of the City of Miami, Florida, *Plaintiff in Error; v.* C. E. Osborne *Defendant in Error.*

Opinion filed June 25, 1918.

Under its general welfare powers the City adopted an ordinance containing the following: "It shall be unlawful for any jitney bus operator or owner to take on or discharge passengers upon or along, or within seven hundred feet of any street, avenue or highway in the City of Miami, which is now or may hereafter be traversed by street car tracks over which street car service is maintained. Provided, however, that passengers taken on at points more than seven hundred feet distance from street car tracks may be discharged at any point and provided further that passengers boarding any jitney bus within less than seven hundred feet of any street car tracks shall not be discharged at any point nearer than seven hundred feet of any street car tracks:" *Held,* that the quoted provision of the ordinance forbids the use of jitneys by the public in certain streets or sections of the city without any basis therefor in matters affecting public safety, health, morals or welfare; and that it is therefore arbitrary and unreasonable and consequently invalid.

Writ of Error to Circuit Court for Dade County, H. Pierre Branning, Judge.

Judgment affirmed.

*John C. Gramling* and *Wm. P. Smith,* for Plaintiff in Error;

*Atkinson & Burdine* and *Bart A. Riley,* for Defendant in Error.

WHITFIELD, J.—Osborne presented to the Circuit Judge a petition alleging that he was unlawfully imprisoned by virtue of a warrant issued from the Municipal Court of the City of Miami alleging that the petitioner, an operator of a jitney bus, on October 24th, 1917, violated Section 6 of Ordinance 236 of said City, by "then and there taking on a passenger upon and along 12th Street, said street now being traversed by street car tracks over which street car service is maintained, and within seven hundred feet of said street car tracks, and did thereafter discharge the said passenger upon and along 12th Street, said street now being traversed by street car tracks over which street car service is maintained, and within seven hundred feet of said street car tracks, contrary to and against the ordinance"; that the imprisonment is illegal because, among other reasons, the ordinance is unjust, arbitrary and unreasonable. A writ of *habeas corpus* was issued.

By return the officer sets up that the petitioner is held "by virtue of a warrant and affidavit of complaint issued out of the Municipal Court of the City of Miami, a true copy whereof is attached to the petition for writ of *habeas corpus.*"

The Court discharged the petitioner and allowed a writ of error which was taken by the officer under the Statute. Sec. 2257, Gen. Stats. 1906, Compiled Laws, 1914; Pounds v. Darling, 75 Fla. 125, 77 South. Rep. 666; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834.

Section 6 of the ordinance referred to is as follows: "It shall be unlawful for any jitney bus operator or owner to take on or discharge passengers upon or along, or within seven hundred feet of any street, avenue or highway in the City of Miami, which is now or may hereafter be traversed by street car tracks over which street

car service is maintained. Provided, however, that pass-
engers taken on at points more than seven hundred feet
distance from street car tracks may be discharged at any
point and provided further that passengers boarding any
jitney bus within less than seven hundred feet of any
street car tracks shall not be discharged at any point
nearer than seven hundred feet of any street car tracks."

There apepars to be no Statute or provision of the City
charter expressly authorizing the regulations contained
in the quoted Section 6 of Ordinance 236 of the City of
Miami, but the City is given power "to pass all ordi-
nances necessary to the health, convenience, comfort and
safety of the citizens," and also is given "power to do
and perform all things necessary for the government of
the City not inconsistent with the Constitution and laws
of the United States, the Constitution of the State of
Florida, and he terms and provisions of this Act." Sec.
27, Chapter 6724, Acts of 1913.

"A municipal ordinance of a regulatory nature, in con-
travention of the natural rights of individuals, enacted
under general charter powers is not only required to be
constitutional, but it must be reasonable as well; that
is, the Court before which it is brought must be able
to see that it will tend to promote the public health,
morals, safety or welfare; that the means adopted are
adapted to that end, and that it is impartial in operation
and not unduly oppressive upon individuals." 19 R.
C. L. 805, and authorities there cited.

In this case the quoted provision of the ordinance
adopted under general welfare powers of the City is
obviously not designed to exclude jitney service from
certain streets for safety, sanitary or other reasons in-
volving the public welfare, but its manifest purpose and
effect are to curtail the use of jitneys where they will

compete with street cars; and in accomplishing this object the public are unreasonably deprived of the use of jitneys in streets from which they are thus arbitrarily excluded. Even if the quoted section of the ordinance is not invalid as tending to produce and promote a monopoly for the street cars, it forbids the use of jitneys by the public in certain streets or sections of the City without any basis therefor in matters affecting public safety, health, morals or welfare; it is therefore arbitrary and unreasonable and consequently invalid.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.