R. M. CARY, *Plaintiff in Error*, v. CARY ELLIS, AS MARSHAL OF THE CITY OF PENSACOLA, *Defendant in Error*.

Opinion Filed July 30, 1919.

1. If a municipal ordinance directly affecting the rights of individuals is arbitrary and unreasonable it is invalid and will not be enforced.

2. A municipal ordinance requiring a sanitary privy to be constructed and maintained in every house and building in the city in which people live, or where they congregate or assemble, or any kind of business is carried on, is unreasonable and arbitrary, and consequently is invalid, and will not be enforced.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Judgment reversed.

*John S. Beard,* for Plaintiff in Error;

*John B. Jones,* for Defendant in Error.

WHITFIELD, J.—Plaintiff in error was taken into custody under a warrant issued by the city authorities charging a violation of Section One of "an ordinance to provide for the construction and maintenance of privies," it being contended that the ordinance is void. The relator was remanded to custody and on writ of error argues here the invalidity of the ordinance, the material portion of which is as follows: "That every house and building located within the limits of the City of Pensacola in which people live, or where they congregate or assemble, or any kind of business is carried on, shall be provided

with a sanitary privy that shall be connected with a sewer as provided by existing ordinances, or if no sewer be adjacent to the promises, said privy shall be constructed and maintained," etc.

If a municipal ordinance directly affecting the rights of individuals is arbitrary and unreasonable it is invalid and will not be enforced. Ex parte Harrell, 76 Fla. 4, 79 South. Rep. 166; Curry v. Osborne, 76 Fla. 39, 79 South. Rep. 293.

The ordinance in specific terms requires a sanitary privy to be constructed and maintained in *every house and building* in the city in which *people live,* or *where* they *congregate* or *assemble,* or *any kind* of *business* is carried on. Common experience teaches that there are buildings in cities where people congregate or assemble or transact business in which privies are not appropriate or perhaps not permissible in the interest of the public health and general welfare. This ordinance makes no exceptions, but is absolute and comprehensive in its provisions. Even if it is competent for the city to require the construction and maintenance of privies in all houses in which people live, and in other houses in which people assemble or conduct business where the public health and welfare will be thereby conserved, it is manifestly not within the power of the city to require a privy to be constructed and maintained in all the classes of houses named in the ordinance except where such a utility is appropriate or permissible to subserve the public health and general welfare. The attention and expense necessary to the utility cannot be enforced unless the public health and well being are to be thereby promoted; and as a privy in some houses where people congregate may manifestly be a detriment to health, if not a nuisance, the ordinance

is fatally arbitrary and unreasonable, as it affects private rights if not also as it affects public rights. A construction that the ordinance really is designed to require a privy to be constructed and maintained in houses where its use is proper would render the ordinance fatally indefinite and subject to the criticism that it vests an arbitrary discretion in those who are to enforce it. The ordinance does not purport to regulate the construction and maintenance of privies that may be voluntarily provided, or to require them to be provided in houses that are properly under direct police control, and the use of privies therein is for the benefit of the public health and welfare, but it arbitrarily and unreasonably requires a privy to be constructed and maintained in *every* house in which people live, or *where they congregate or assemble or do business,* without reference to the need or appropriateness of such a utility in the houses. The character of the petitioner's house does not appear. The language in which the ordinance is expressed renders it invalid as an entirety.

The ordinance is void for its unreasonable and arbitrary requirements, and the petitioner should have been discharged from custody.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.