*In Re:* C. M. BARBER.

177 Sou. 708
Division A.
Opinion Filed December 9, 1937.
Rehearing Denied January 5, 1938.

*James H. Bunch,* for Petitioner;
*Edw. S. Hemphill,* for Respondent.

TERRELL, J.—The Legislature of 1937 enacted Chapter 18510, Laws of Florida, with title as follows:

"An Act Prohibiting and Making it Unlawful for horses, asses, mules, cattle, swine, sheep, goats and other grazing animals to run or roam at large within Duval County, Florida; Providing for Impounding of live stock found running or roaming at large in violation of this Act; providing impounding fees and for the collection thereof; providing for the sale or other disposition of impounded live stock; making it a misdemeanor to allow such live stock to run or roam at large in violation of this Act; and making the owner of live stock running or roaming at large in violation of this Act liable in damages for all injuries caused, either directly or indirectly by such live stock while running or roaming at large in violation of this Act and providing a lien therefor."

An inspection of the title as thus quoted and the body of the Act discloses an attempt to enact a no fence law applicable to Duval County only. It provides for the impounding and disposition of live stock found running or roaming at large in said County, makes it a misdemeanor to allow live stock to run or roam at large in violation of said Act and makes the owner of said live stock liable in damages for all injuries caused by them if found roaming at large in violation of said Act.

The petitioner, C. M. Barber, is a citizen and resident of Baker County and owns cattle on the open range in Nassau and other counties adjacent to Duval County. On September 10, 1937, four head of Barber's cattle strayed over the line from Nassau into Duval County and were impounded by Jesse Cone, a citizen of the latter county, who was authorized under the Act to impound any cattle roaming at large in violation thereof. They were reported to the Sheriff, who took them in charge and forthwith advertised them for sale in compliance with the Act. Barber was arrested under warrant for allowing his cattle to run at large in Duval County, was bound over for trial and forced under protest to pay the impounding fees and other costs incidental to taking his cattle in custody.

By habeas corpus, he (Barber) challenges the constitutional validity of Chapter 18510, as being violative of Sections Sixteen and Twenty-one, Article Three, Constitution of Florida. Stated more concretely, the question presented is whether or not Chapter 18510, Acts of 1937, is valid as to Duval County and if so, is it applicable to petitioner, a citizen and resident of Baker County?

Section Fifteen of said Act requires the Board of County Commissioners of Duval County to construct as soon as practicable a standard four strand barbed wire fence along the boundary of Duval County where it is not separated from adjacent counties by natural barriers.

The respondent, Duval County, contends that it did not have to construct the fence required by the Act before enforcing it and that since notice of intention to apply thereof was given in Clay, Bradford, Union, Baker, St. Johns, and Nassau, being all the counties adjacent to Duval, it could be enforced as soon as it became effective.

In our view, this contention is without foundation. The

scope of the Act can be extended no further than the title warrants and the title limits it to Duval County. The mere fact that notice of intention to pass it was advertised in other counties did not have the effect of making it effective in them when the title by its terms makes it a local law applicable to a single county. To extend it in the manner contended makes it in effect a general law which is shown not to have been intended. We are also of the view that compliance with the provisions of Section Fifteen with reference to fencing was mandatory and the Act could not be enforced before this was done as to live stock belonging to owners residing in and whose live stock ranges in other counties than Duval. Thomas v. Mills, 107 Fla. 385, 144 So. 882.

It follows that Chapter 18510, Acts of 1937, is a valid Act as to live stock roaming at large in Duval County, but that it is without effect in any other county in the State and cannot be enforced as to live stock straying into Duval County from adjacent counties until the provisions of Section Fifteen as to fencing is complied with.

The petitioner is discharged.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.