MILLARD F. CALDWELL, as Governor, et al., as and constituting the State Board of Conservation of the State of Florida, et al., v. HARRY MANN, trading and doing business as the MANN SEAFOOD CO., et al.

26 So. (2nd) 788                      June Term, 1946
June 25, 1946                         En Banc

*J. Tom Watson,* Attorney General, and *D. Fred McMullen,* Assistant Attorney General, for appellants.

*J. Irvin Walden,* for appellees.

BUFORD, J.:

Sworn amended bill of complaint was filed in the Circuit Court of Leon County, Florida "by Harry Mann trading and doing business as the Mann Seafood Co., St. Petersburg, Pinellas County; Herman Gerhling, trading and doing business as the Palmetto Fish Co., Palmetto, Manatee County; A. L. Mellis, trading and doing business as the Star Fish Co., Cortez, Manatee County; Jim Guthrie, trading and doing business as the Bay Shore Fish Co., Cortez, Manatee County; Tink Fulford, trading and doing business as the Fulford Fish Co., Cortez, Manatee County; Ralph Chadwick, trading and doing business as Chadwick Fisheries, Sarasota, Sarasota County; Stewart Anderson trading and doing business as Lemon Bay Fisheries, Englewood, Sarasota County; Walter

Gault trading and doing business as Gasparilla Fisheries, Gasparilla, Charlotte County; W. E. Guthrie, trading and doing business as the Punta Gorda Fish Co., Punta Gorda, Charlotte County; G. P. Santini, trading and doing business as the Kleen Fish Co., Fort Myers, Lee County; J. T. Smoot, trading and doing business as the South Fish Co., Fort Myers, Lee County; A. H. Snodgrass, trading and doing business as the Dixie Fish Co., Fort Myers, Lee County; E. L. Combs, trading and doing business as the Combs Fish Co., Naples, Collier County; Wade Rigby trading and doing business as the Neilson Fisheries, Naples, Collier County; Kelly Ghant, trading and doing business as the Ghant Fish Co., Collin City, Collier County; A. R. Royal trading and doing business as the Royal Fish Co., Bonita Springs, Collier County; Lloyd House, trading and doing business as the Lloyd House Fish Co., Everglades, Collier County; Wynn Tiner, trading and doing business as Rigg Fish Co., Everglades, Collier County; B. N. Stokes, trading and doing business as the Stokes Fish Co., Leesburg, Lake County; B. Bacon, trading and doing business as the Lemon Street Fish Market, Sebring, Highlands County and M. F. Bannister, trading and doing business as M. F. Bannister, Wauchulla, Hardee County" against "Millard F. Caldwell, Governor of the State of Florida; R. A. Gray, Secretary of State, State of Florida; J. Tom Watson, Attorney General of State of Florida; J. M. Lee, Comptroller, State of Florida, J. Edwin Larson, Treasurer, State of Florida; Colin English, Supervisor Public Instruction; Nathan Mayo, Commissioner of Agriculture, State of Florida; as and constituting the State Board of Conservation, State of Florida and J. T. Hurst, Supervisor of Conservation, State of Florida."

The bill challenged the constitutionality of Sec. 2 of Chapter 10123, Acts of the Legislature of 1925, which now appears as Section 374.23 Fla. Statutes 1941 (same F.S.A.) as applied to the plaintiffs and their places of business located as alleged in the bill of complaint and prayed for an injunction against the enforcement of the statute insofar as it prohibits one situated as the complainants each is to have in his possession, buy, sell or offer for sale or ship any fresh or freshly salted mullet or mullet roe on this State between the 1st day of

December of any year and the 20th day of January of the next succeeding year.

After motion to dismiss was denied answer was filed and the cause being submitted on bill and answer, final decree was entered as prayed in the bill of complaint.

The Court will take judicial cognizance of the fact that mullet is a salt-water fish having its habitat in the coastal waters of Florida.

The pleadings showed that the challenged Act applied to the entire State of Florida when it was passed but that since that time the Legislature has by enactments, the constitutionality of which has not been challenged, eliminated from the operation of the Act 13 counties on the Gulf Coast of Florida and 1 county on the East Coast of Florida which border on the salt waters and it is also eliminated from the operation of the Act 16 counties which do not border on the salt waters of this State and has left within the purview of the Act 10 counties bordering on the Gulf and 11 counties bordering on the Atlantic Ocean and 16 counties which do not border on the salt water of the State.

So it is we find that plaintiffs in the court below, appellees here, fall in two different classifiications. Those having their places of business in Pinellas, Manatee, Charlotte and Collier Counties are all in Gulf coastal counties which remain in the purview of the Act, while those who have their places of business in Lake, Highlands and Hardee Counties are not within a county bordering on the salt water and, therefore, are not within a county in which mullet may be taken from the natural habitat of such fish. Stated another way, the first mentioned set of plaintiffs, appellees here, are within counties where this class of fish is protected during the closed season and the second class of plaintiffs in the court below, appellees here, are in counties where there is none of the class of fish sought to be protected in their natural habitat.

On authority of our opinion and judgment in the case of Holland et al. v. Roberts, 149 Fla. 308, 5 So. (2nd) 608; and White v. Penton, 92 Fla. 837, 110 So. 533, we hold that the enforcement of the Act in those counties which were included within the purview of the Act by Legislative Act and which

border on the salt waters of the State, and therefore have within their borders fish which it is the purpose of the Act to protect, is not contrary to the constitutional rights of the party or person engaged in the business of selling fish in those counties. This is true because that portion of the Act which prohibits the buying, selling or possession of mullet within a certain period each year is incidental to the principal object of the Act which is the protection of salt water fishing industry in those counties and is but a means by which the object is to be accomplished. See White v. Penton, supra.

An Act of the Legislature which is valid at the time of its enactment may become invalid by a change in conditions occurring after its passage. See A.C.L.R.R. v. Ivey, 148 Fla. 680, 5 So. (2nd) 244, 139 A.L.R. 973.

If the inclusion of the application of the Act in non-coastal counties was valid when the Act was passed and made applicable by its terms, it was so because the inhibitions against the possession, sale and offering for sale of mullet during the closed season in the non-coastal counties was reasonably deemed by the legislature to be required as incidental to the accomplishment of the primary purpose of the Act. viz, the protection of the mullet fish industry in the coastal counties of the State. See State ex rel. Spence v. Bryan, and State ex rel. Eychaner v. Ramsel, 87 Fla. 56, 99 So. 327. In those cases we were dealing with wild game but the principles enunciated there apply equally to the matter of taking and disposing of fish. (See State ex rel. Gray v. Stoutamire, 131 Fla. 698, 179 So. 730.) In those cases we said:

"The constitutional right of equal protection of the laws means that everyone is entitled to stand before the law on equal terms with, to enjoy the same rights as belong to, and to bear the same burden as are imposed upon others in a like situation.

"Equal protection of the laws means subjection to equal laws applying alike to all in the same situation. Southern Ry. Co. v. Greene, 216 U. S. 400, 30 Sup. Ct. 287.

All the bona fide citizens of the State irrespective of the counties in which they live, have a qualified beneficial property interest, subject to lawful governmental regulations for the

public good in all wild game while it is in any county of the State and not reduced to the lawful possession of anyone; and as the State cannot lawfully deny to any of its citizens substantially equal rights with all other citizens of the State under like conditions, to lawfully hunt wild game in the State, the vesting of title to such game in the several counties is ineffectual to impair individual rights in the game or to relieve the State of the power and duty of just regulations for the good of all.

"Classifications by counties or otherwise for the purpose of prescribing regulations or exactions that in effect impose burdens on some of the citizens of the State that in kind or extent are not imposed upon other citizens of the State under practically similar conditions, with no conceivably just basis for the classifications or discriminations, constitute a denial to those injuriously affected of the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution. Harper v. Galloway, 58 Fla. 255, 51 So. Rep. 226, State ex rel. Clarkson v. Phillips, 70 Fla. 340, 70 So. Rep. 367; Lewis v. State 110 Ark. 204. 161 S. W. Rep. 154; State v. Hill, 98 Miss. 142, 53 So. Rep. 411; 27 C.J. 947; 12 R.C.L. 694."

So, when the legislature eliminated many non-coastal counties from the operation of the Act it, thereby, destroyed the equal protection of the law as it existed in the Act when it was passed and insofar as the Act applied to the non-coastal counties where the possession, sale or offering for sale of mullet during the closed season was prohibited was warranted (if such was warranted) as reasonably incident to the effectuating of the primary purpose of the Act, viz, the protection of mullet in the coastal counties. There can be offered no valid basis for a classification which prohibits the possession, sale or offering for sale of mullet in Lake, Highlands or Hardee Counties when such is not prohibited in Orange, Marion or Madison County, neither of which counties has any coastal waters which are the habitat of the fish sought to be protected.

It follows that insofar as the provisions of the Act, Section 374.23 supra, are sought to be enforced to prohibit the possession, sale or offer for sale of mullet during the closed

season (which now obtains in certain counties of the State bordering on the salt waters) in some counties not bordering on any salt water and having within them no mullet to protect while under statutory provisions such possession, sale or offering for sale is not prohibited, in other counties of the State like situated, the equal protection clauses of our State and Federal Constitutions are violated.

So it is that the decree appealed from must be reversed insofar as it applies to those plaintiffs having their respective places of business in Pinellas, Manatee, Charlotte, Sarasota, Collier and Lee Counties, which are counties bordering on the waters of the Gulf and having mullet within their territorial jurisdiction and wherein mullet are protected under the provisions of Sec. 374.23 supra, on authority of our opinion and judgment in the case of Holland v. Roberts, supra.

The decree must be affirmed as to those plaintiffs who have their places of business in the Counties of Lake, Highlands and Hardee because the Act, Sec. 374.23 supra, may not be enforced in those counties without an unlawful discrimination as between fish dealers in those counties and fish dealers in other counties like situated, all being non-coastal counties, none of which contain waters which are the habitat of mullet and, therefore, in which there are no mullet to be protected within the primary purpose of the Act.

It is so ordered.

Affirmed in part; reversed in part.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.