BOYD, Justice.
This cause is before us on appeal from the Pinellas County Circuit Court. The judgment of that Court rendered May 7, 1968, held Chapter 67-1925, Laws of Florida, unconstitutional and enjoined Pinellas County from expending any funds or otherwise proceeding thereunder. Our jurisdiction is invoked under Article V, Section 4, of the Florida Constitution, F.S.A., providing for direct appeals to this Court “from final judgments or decrees directly passing upon the validity of a state statute.”
Appellees, plaintiffs below, brought suit against the County seeking a determination that Chapter' 67-1925, Laws of Florida, is unconstitutional. Appellant, Pinellas County Veterinary Medical Society, Inc., a nonprofit corporation, was allowed to intervene as a defendant. After appeal to this Court, Pinellas County’s motion to be dismissed as a party was granted. Appellees then moved to dismiss the appeal on the grounds that the remaining appellant, Pinel-las County Veterinary Medical Society, was not a proper party. This motion was denied October 22, 1968.
The special act in question applies only to Pinellas County, It requires vaccination and licensing of dogs and the establishment of impounding agencies. Other provisions of the act prohibit mistreatment of various animals and provide that certain animals allowed to wander on public streets or roads may be impounded.
The Circuit Court, in holding the act invalid, stated:
“Upon consideration of same and being fully advised, the Court finds and *308 so holds that Chapter 67-1925 constitutes an arbitrary classification under the guise of the police power in that the statute imposes, without just basis therefor, upon plaintiffs and other citizens of Pinellas County an unreasonable burden which in kind or extent is not imposed on citizens of other counties in the state of Florida who are similarly situated and, therefore, denies to the plaintiffs and citizens of Pinellas County burdened thereby the equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution and Section 1 of the Declaration of Rights of the Florida Constitution. This finding and determination is founded primarily upon the principals announced and applied in the case of Caldwell v. Mann, 157 Fla. 633, 26 So.2d 788.”
The case of Caldwell v. Mann, supra, relied on by the Circuit Court, held invalid a general act. The statute in question, § 374.23, Florida Statutes of 1947, F.S.A.,[1] prohibited the buying, selling, or possession of mullet within a certain period each year. The act originally applied to the whole State, but subsequent enactments eliminated all but ten counties bordering the Gulf, eleven counties bordering the Atlantic Ocean and sixteen counties not bordering on salt waters. This Court held the general act could properly prohibit buying, selling and possession of mullet in only some of the salt water counties in the State. We held, however, that the elimination of some non-coastal counties from the operation of the act resulted in a denial of equal protection of the law to non-coastal counties remaining under the act. It is different to see the pertinence of the Mann decision to the special act here in question.
The Florida Constitution, Article III, Section 21, provides for the enactment of special or local laws subject to certain exceptions not applicable here. Special acts regulating animals within a county have been upheld.[2] The Legislature may do by special or local act that which it may not do by general act. Safeguards for persons within the locality to be affected are provided by the requirements of notice or referendum.[3] Appellees do not contend that Chapter 67-1925 was not properly enacted.
We cannot agree with the trial court’s determination that the special act in question violates equal protection of the law. The act applies equally to all persons within Pinellas County. Special or local legislation, by definition, need not apply uniformly throughout the State. In West Flagler Kennel Club v. Florida State Racing Commission, 153 So.2d 5 (Fla. 1963), this Court stated:
“The issue of classification for purposes of equal protection is one which applies, of course, to both general and special legislation, although the requirement of equality or uniformity among those in like situation pertains, in the case of special acts properly passed on a subject not required to be governed by general law, only to those in the area where the special act is made applicable.[1]’ (Emphasis supplied.)
We have also considered appellees’ contention that the requirement of vaccination against rabies is not a valid exercise of the police power. Appellees state that since there is no rabies epidemic in Pinellas County, vaccination may not be required for the protection of the public health, safety or welfare. This and other contentions asserted by appellees in support of the judgment below are without merit.[4]
*309 For the reasons above stated, the judgment here reviewed, holding the statute invalid, should be and is hereby, reversed.
It is so ordered.
ERVIN, C. J., ROBERTS, DREW, CARLTON and ADKINS, JJ-, and MASON, Circuit Judge, concur.

. Chapter 10123, Sec. 2, Acts of 1925.

. In re Barber, 130 Fla. 342, 177 So. 708 (1938); Harris v. Baden, 154 Fla. 373, 17 So.2d 608 (1944).

. State ex rel. Gray v. Stoutamire, 131 Fla. 698, 179 So. 730 (1938).

. Am.Jur.2d, Animals, § 23 (1962); 56 A.L.R.2d 1024 (1957).