311 So.2d 406 (1975)
Raymond WIGGINS, Appellant,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Appellee.
No. V-100.
District Court of Appeal of Florida, First District.
April 24, 1975.
*407 Ronald L. Bloom of Greene, Greene, Smith & Davenport, Jacksonville, for appellant.
Harry L. Shorstein, Gen. Counsel, and Thomas E. Crowder, Asst. Counsel, Jacksonville, for appellee.
BOYER, Judge.
Appellant, plaintiff below, herein challenges the constitutionality of a "grandfather clause" of a City of Jacksonville ordinance. That ordinance, Number XX-XXXX-XXX of the Ordinance Code of the City of Jacksonville, provides that any person in Jacksonville Beach who held a Master Plumber's License on the effective date of the ordinance shall be issued a Master Plumber's License by the City of Jacksonville without further examination and without further payment of a license fee. Appellant, a master plumber from Atlantic Beach, alleges that he has been denied equal protection of the laws in that the ordinance "grandfathers in" the master plumbers of Jacksonville Beach but specifically excludes the master plumbers from Atlantic Beach, Neptune Beach and Baldwin which are the other three urban services districts as delineated by the 1968 plan of consolidated government for Duval County.
Appellant raises two issues, one factual, the other legal; the latter being premised on the former. The factual issue is whether the standards of competency for the issuance of a master plumber's certificate were the same in Jacksonville Beach and Atlantic Beach when the appellant received his certificate (i.e. December, 1970). The transcript of trial proceedings reveals that, with one possible exception, the standards were the same. Applicants in both communities were required to answer an identical set of questions, and they needed to attain a grade of at least 75 in order to pass. Moreover, the same examiner administered the exam for both cities. The only dispute at trial as to the issue of standards concerned the presence or absence of an experience requirement. The Jacksonville Beach Code spelled out the requirement that master plumber applicants must have four years of experience as a journeyman. The Atlantic Beach Code did not spell out the experience requirement. However, Mr. Ernest G. Roche, who served on the Plumbing Boards of both Jacksonville Beach and Atlantic Beach, testified that in order to become a master plumber in both communities, an applicant must have spent at least four years as a journeyman. Mr. R.C. Vogel, *408 City Manager of Atlantic Beach, also testified that there was a four year experience requirement, and that such requirement was adopted by reference in 1963 by Atlantic Beach from the rules and regulations governing plumbing in the City of Jacksonville. Moreover, the record indicates that appellant had been a journeyman for six years and a master plumber in Georgia for one year before he applied for his master plumber's license in Jacksonville Beach. Thus, it is clear that the standards were essentially the same in Atlantic Beach and Jacksonville Beach in December of 1970, and the appellant met every qualification required of him.
Having resolved the factual issue in favor of the appellant, the legal issue must be examined. Assuming that the standards were the same in Atlantic Beach and Jacksonville Beach, is the clause of the Jacksonville ordinance which seeks to grandfather in the master plumbers of Jacksonville Beach but not those of Atlantic Beach unconstitutional as violative of the equal protection clauses of the U.S. and Florida Constitutions? Appellee is quite correct in stating that in Florida, there is a presumption of validity, constitutionality, and reasonableness which attaches to ordinances relating to matters within the legislative power of municipalities (Morrison v. Farnell, 1937, 126 Fla. 385, 171 So. 528) and that it is the plaintiff's burden to establish invalidity. (Prior v. White, 1938, 132 Fla. 1, 180 So. 347) However, it is also required in Florida that a classification for the purpose of license requirements or impositions must be reasonable and may not be arbitrary or capricious. (State ex rel. James v. Gerrell, 1938, 137 Fla. 324, 188 So. 812) Moreover, any ordinance of a regulatory nature must tend to promote the public health, morals, safety or welfare of the community, the means utilized must be adapted to that end, and it must be impartial in operation and not unduly oppressive upon individuals. (Curry v. Osborne, 1918, 76 Fla. 39, 79 So. 293) A classification, to be upheld, must "have some just relation to, or reasonable basis in, essential differences of conditions and circumstances in reference to the subject regulated, and should not be merely arbitrary; and all similarly situated ... should be included in one class, at least where there are no practical differences that are sufficient to legally warrant a further or special classification in the interest of the general welfare." (Eslin v. Collins, Sup.Ct.Fla. 1959, 108 So.2d 889). Under the equal protection clause of the Federal Constitution, an ordinance, although nondiscriminatory on its face, may nevertheless be declared unconstitutional where its effect is to discriminate between persons in the same class. (Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.)
Based on the foregoing, the Jacksonville ordinance challenged herein appears constitutionally unacceptable. For no apparent reason, it purports to automatically grant the plumbers of Jacksonville Beach their master plumber's certificates while denying same to the plumbers of Atlantic Beach. In its brief, the City of Jacksonville has provided us with no reason for the differentiating classification. Indeed, it is difficult to imagine any coherent reason for the distinction, particularly as applied to appellant who qualified under the rules and regulations of both Jacksonville Beach and Atlantic Beach and who, by accident of geographical location, obtained his master plumbers' certificate in Atlantic Beach rather than Jacksonville Beach. Therefore, because the classification employs an unreasonable, arbitrary and capricious classification, we find it to be violative of the equal protection clauses of the Constitution of the State of Florida and of the Constitution of the United States of America.
Reversed and remanded for further proceedings consistent herewith.
It is so ordered.
RAWLS, C.J., and McCORD, J., concur.