SHARP, Judge.
Lawyers Surety Corporation appeals the trial court’s final judgment on the pleadings entered against it as a surety on two construction bonds. The judgment was in favor of Dennis and Marianne Clarke, the homeowners, in the sum of three thousand five hundred dollars ($3,500) as liquidated damages, with interest at eighteen percent (18%) per annum in the amount of one thousand two hundred sixty dollars ($1,260). We reverse because the pleadings fail to conclusively establish liability on the surety’s part, and further, there is no basis upon which the award of interest at eighteen percent (18%) was proper.
The pleadings show that the Clarkes contracted with Howard Connell for construction of a house. They paid him a three thousand five hundred dollar ($3,500) deposit, but aside from bringing in a load of fill dirt and sand, Connell completely failed to perform the contract and he did not return the Clarkes’ deposit. After the Clarkes and Connell signed their contract, Lawyers Surety issued a masonry and a carpentry bond to Connell for the benefit of the Clarkes. Appellees subsequently sued Con-nell and Appellant.'
The amended complaint alleged: that Connell failed to use the proceeds given him for labor or materials, with the intent to defraud the Clarkes in violation of Florida Statute 713.34(3); that Connell repeatedly refused to return the Clarkes’ money; that Connell had conducted deceptive trade practices in violation of Florida Statute 501.213 by embezzling the Clarkes’ funds, and the Clarkes were entitled to attorney’s fees as a consequence of the violation of this statute. It further alleged that appellant issued the two bonds which were in full force and effect when the Clarkes entered into the contract with Connell. The Clarkes sought compensatory and punitive damages, attor *1261 ney’s fees and costs. Connell defaulted and summary judgment was entered against him.
Lawyers Surety answered the amended complaint raising as affirmative defenses: failure to state a cause of action because the subject contract was not bonded by Lawyers Surety; the Clarkes’ complaint mixed up causes of action and theories of recovery in violation of the Florida Rules of Civil Procedure, and none of the activities described therein were bonded by the appellant; conditions precedent to bringing an action under the bond were not performed; there was no contract or applicable statutory provision allowing the Clarkes’ attorney’s fees; the bonds were not in force the date of the contract, and they were not binding on Lawyers Surety because they were not executed by a person authorized to bind it. Each affirmative defense appears sufficient to state a legal defense to the Clarkes’ suit against the surety.
The court granted the Clarkes’ motion for judgment in their favor on the pleadings. This is erroneous where the answer pleads a sufficient legal defense. Morris v. Truax, 152 So.2d 515 (Fla.2d DCA 1963). Further, in this case various facts are in dispute[1] which must be resolved by the trier of fact. Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980).
We also note that it was error for the trial court to award the Clarkes eighteen percent (18%) interest. The bonds in question make no provision for any particular rate of interest. Therefore, the maximum legal rate of interest the trial court could award, assuming any interest should be awarded, is controlled by section 687.01, Florida Statutes (1981).
We reverse and remand for further proceedings.
REVERSED AND REMANDED.
DAUKSCH, C. J., and COWART, J., concur.

. For example, some of the facts in dispute are: (1) the effective date of the bonds; (2) the performance of conditions precedent required by the bonds; (3) whether the deposit was made exclusively for masonry and carpentry work; and (4) whether the parties intended these bonds would cover Connell’s complete defalcation under the Clarkes’ contract.