487 So.2d 336 (1986)
Gerald SEIDL, Appellant,
v.
ESTATE OF Edna MICHELSEN, et al., Appellees.
No. 85-365.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
Rehearing Denied May 7, 1986.
Jacqueline L. Russakis, Fort Pierce, for appellant.
Larry Klein, of Klein & Beranek, P.A., West Palm Beach, and MacMillan, Coutant & Brodbeck, Stuart, for appellees.
LETTS, Judge.
At stake is the ownership of funds in a state bank and a federal savings and loan association. The original depositor held the title to all the applicable accounts and certificates of deposit solely in her own name, but upon falling ill with cancer was persuaded by a visiting nephew to alter that ownership to create with him joint tenancies with the right of survivorship. Subsequent to therapy treatment, the aunt's health improved dramatically and she demanded that the nephew relinquish title to the accounts. He not only refused, but in addition withdrew some of the funds for his own use. His aunt thereupon instituted suit to set aside the joint tenancies and restore the sole ownership of the funds to herself.
During the pendency of that lawsuit she died. Nonetheless, the trial court found from the evidence that she did not have the requisite and necessary intent to make an immediate transfer of her present interests in the accounts and certificates of deposit, and that she did, in fact, exhibit a contrary intent by rescinding those transfers prior to her death. We affirm.
*337 Although the trial court's decision was correct under common law principles, see Chase Federal Savings & Loan Association v. Sullivan, 127 So.2d 112 (Fla. 1960); Spark v. Canny, 88 So.2d 307 (Fla. 1956), there are two Florida statutes dealing with joint accounts with rights of survivorship that must be considered. Section 658.56, Florida Statutes (1983), applies to banks and section 665.063(1), Florida Statutes (1983), applies to savings and loan associations. The bank statute provides in pertinent part:
658.56 Deposits and accounts in two or more names; presumption as to vesting on death. 
(1) Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, title, interest, and claim in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank, shall vest in the surviving account holder or holders.
(2) The presumption herein created may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest, and claims in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank against any one or more of such persons, shall, upon the death of any such person, vest in the surviving account holder or holders, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person and notwithstanding that the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable. (Emphasis added.)
By contrast, the applicable provision of the savings and loan statute provides as follows:
665.063 Additional accounts.
(1) ACCOUNTS IN TWO OR MORE NAMES. 
(a) When a savings account, other than a convenience account, is held in any association or federal association in the names of two or more persons, whether minor or adult, in such form that the moneys in the account are payable to either or the survivor or survivors, then, in the absence of fraud or undue influence, such account and all additions thereto shall be the property of such persons as joint tenants. The opening of the account in such form shall, in the absence of fraud or undue influence, be conclusive evidence in any action or proceeding to which either the association or the survivor or survivors is a party of the intention of all of the parties to the account to vest title to such account and the additions thereto in such survivor or survivors. The association shall not be subject to any liability for fraud or undue influence if it complies with the provisions of this paragraph.
(b) Except as provided in paragraph (c), the moneys in the account may be paid to or on the order of any one of the joint tenants during their lifetimes or to or on the order of any of the survivors of them after the death of any of them, and the name of a joint tenant may be deleted from the account on the written direction to the association of any other joint tenant. (Emphasis added.)
*338 We have no hesitation in affirming the trial court as to the bank funds because of the presence of clear and convincing proof of a contrary intent as set forth in the bank statute and found in the instant case by the trial judge. However, the savings and loan statute contains no relieving clause as to contrary intent. It provides relief only if fraud or undue influence has been exercised. It is, therefore, these latter funds that give us pause for reflection, there being no finding of either fraud or undue influence in the case now before us. The trial court did not reach the issue of the existence of fraud or undue influence because it found there was no intent to make a gift in the first instance.
The inconsistency of the two statutes was examined by the Fifth District in Doran v. Gainer, 443 So.2d 473 (Fla. 5th DCA 1984), that court finding that the conclusive presumption in the savings and loan statute was an unconstitutional denial of equal protection. In the appeal now before us, the nephew puts forth considerable argument to counter the Fifth District's reasoning in Gainer, apparently unconscious of the fact that the supreme court reversed that decision. In In Re Estate of Gainer, 466 So.2d 1055, 1057-1058 (Fla. 1985), the supreme court held that
[b]y enacting this conclusive presumption, applicable to associations or federal associations as defined by chapter 665, the legislature put to rest the uncertain results attendant litigation predicated on the theory of gifts or other theories which had been utilized by courts. It was intended to provide certainty to the nature of the joint accounts with right of survivorship which it encompassed. It was unquestionably within the authority of the legislature to enact this statute... .
In addressing this issue as it relates to these accounts in savings associations, the legislature was not compelled to adopt this identical conclusive presumption as a part of the Florida Banking Code.
In conclusion, the supreme court also held:
The legislature's treatment of accounts governed by the "Florida Savings Association Act" differently from accounts governed by the "Florida Banking Code" is not unreasonable.
Accordingly, we hold that section 665.063(1)(a) is constitutional and reverse the decision of the district court insofar as it holds this section invalid. The conclusive presumption would thus apply to all the monies deposited in the joint account in the federal savings and loan association, and Carol Gainer is entitled to the assets in this account.
Id. at 1059.
At first blush, this pronouncement from our highest court would appear to settle the matter as to the savings and loan funds in favor of the nephew who now appeals. However, it is our view that this case differs from Gainer. Here the aunt, by declaration and conduct, demonstrated that no present interest in the bank accounts and other personal property was ever intended to be conveyed. Furthermore, prior to her death she instituted this suit to eliminate appellant's claim to any interest in said property. Thus, the savings and loan statute is not applicable because it states that the presumption applies to any action that involves a survivor as a party.
Our conclusion is buttressed by two Florida cases in turn ignored by the aunt's estate. In Constance v. Constance, 366 So.2d 804 (Fla. 3d DCA 1979), the court held that it did not follow that, as between the depositor and the joint signer, an equitable ownership could not be asserted, and that the two statutes dealt with the rights of financial institutions and did not necessarily bind the parties as between themselves. See also Allen v. Gordon, 429 So.2d 369 (Fla. 1st DCA 1983), which came to a similar conclusion (though this latter case did not involve a savings and loan).
We find that both Constance and Allen are applicable due to the fact that the trial court was requested to determine ownership of the funds, and received evidence to that effect while the depositor aunt was still living.
*339 We find no merit in the remaining points on appeal.
This case is AFFIRMED.
DOWNEY and DELL, JJ., concur.