DANIEL S. PEARSON, Judge.
In Golden v. McCarty, 337 So.2d 388 (Fla. 1976), the Florida Supreme Court upheld the constitutionality of Section 877.04, Florida Statutes (1979),[1] against the attack, inter alia, that the statute is void for vagueness. In holding the language of the statute to be “susceptible to the understanding of a reasonable person,” the court stated:
“The statute requires that tattoo artists work subject to the direction of a licensed physician or dentist as defined by the act.” 337 So.2d at 391 (emphasis supplied).
In this appeal, we are called upon to decide the meaning of “subject to the direction” or, more accurately, the meaning of the statutory words “under his direction.”
*1232 Piperato, desirous of engaging in the business of tattooing others,[2] brought an action for declaratory judgment and injunction against the State Attorney of Monroe County, whose office allegedly informed Pi-perato that he would be subject to arrest and prosecution for violation of Section 877.04, Florida Statutes (1979), should he tattoo anyone without a licensed physician, osteopath, or dentist being in attendance during the tattooing operation. Piperato sought a declaration that the statutory requirement that he perform tattooing “under [the] direction” of a described licensee is satisfied when (1) the premises in which the tattooing business is conducted are regularly inspected by a doctor, osteopath, or dentist to assure the maintenance of proper standards of hygiene, and (2) a doctor, osteopath, or dentist regularly consults with Piperato in the operation of the business to insure that public safety and health are protected.[3] The trial judge determined that mere inspection and consultation were not what the Legislature intended by the words “under his direction”:
“While the intention of the Legislature may be somewhat obscure in connection with this section, it is apparent on the face that the Legislature intended to protect the public for reasons of sanitation and health. The suitability of a customer for tattooing can only be determined if the physician actually comes into personal contact with the customer and the methods and procedures used can only be overseen by the supervisor if he is personally present when the tattoo is applied. Accordingly, if the Statute is to have any meaning, it must be construed in such a way that the supervising doctor or dentist has personal contact with the customer who is to receive the tattoo, and be present when the tattoo is applied.”
We agree and affirm the judgment below, which, in pertinent part, declares:
“The application of a tattoo to the human body is unlawful unless applied by a person licensed to practice medicine [osteopathy] or dentistry or by a person who does so after a person who is licensed to practice medicine [osteopathy] or dentistry has had personal contact with the customer and determined that such application will not be harmful to the health of the customer and is personally present during the application to assure that the application is done in a sanitary manner. Plaintiff’s application for an Order enjoining the State Attorney of the Sixteenth Judicial Circuit In and For Monroe County from enforcing Section 877.04 (Fla.Statutes 1979) is accordingly denied.”
Affirmed.

. The statute provides, in pertinent part:
“It is unlawful for any person to tattoo the body of any human being; except that tattooing may be performed by a person licensed to practice medicine or dentistry under Chapters 458, 459 or 466, Florida Statutes, or by a person under his direction.”

. Piperato is neither a licensed physician, osteopath, or dentist and, therefore, may only administer tattoos under the direction of one of these licensed persons.

. Piperato also sought a declaration that Section 877.04, Florida Statutes (1979), is unconstitutional. The trial court properly held that Golden v. McCarty, supra, was dispositive of this claim.