BERANEK, Judge.
The question presented in this case is exactly the same as in Piperato v. Zuelch, 395 So.2d 1231 (Fla. 3rd DCA 1981). Appellant suggests that the Third District Court of Appeal was in error in the Piperato decision and asks that we reach a contrary result. The statute in question provides as follows:
877.04 Tattooing prohibited; penalty.—
(1) It is unlawful for any person to tattoo the body of any human being; except that tattooing may be performed by a person licensed to practice medicine or dentistry under chapters 458 and 459 or chapter 466, or by a person under his direction.
(2) Any person who violates the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
The issue is one of statutory construction. Specifically, we must decide whether the statute requires that a physician or dentist be in actual attendance during the tattooing operation. We conclude that the regulation of tattooing is a legislative matter and that the reasoning of the Piperato decision is sound. We thus affirm the trial court’s finding that the statute requires actual attendance or presence rather than mere inspection.
AFFIRMED.
HERSEY, J., concurs.
ANSTEAD, J., dissents with opinion.