Mr. Bernard A. Heeke Reid and Heeke Attorney for the Town of Lake Clarke Shores Post Office Box 2244 Palm Beach, Florida 33480
Dear Mr. Heeke:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY AN INDIVIDUAL, SERVING ON THE ZONING BOARD OF ADJUSTMENT, ALSO SERVE ON ANOTHER MUNICIPAL BOARD?
 2. MAY THE TOWN ENGINEER ALSO SERVE AS CHAIRMAN OF THE ZONING BOARD OF ADJUSTMENT?
 3. MAY A CITIZEN, SERVING IN THE AUXILIARY POLICE PROGRAM, ALSO SERVE ON A MUNICIPAL BOARD?
In your letter of inquiry, you enumerate three municipal bodies for consideration herein, the Zoning Board of Adjustment, the Building Board of Appeals and the Local Planning Agency. This opinion is therefore expressly limited to a consideration of the constitutional prohibition against dual officeholding with respect to these three municipal boards.
Section 5(a), Art. II, State Const., provides in pertinent part that:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers.
Thus, s. 5(a) of Art. II, prohibits a person from contemporaneously holding more than one "office" under the government of the state and the counties and municipalities therein. See, Bath Club, Inc. v. Dade County, 394 So.2d 110, 112
(Fla. 1981). Section 5(a), Art. II, however, does not define the terms "office" or "officer" for its purposes. The Florida Supreme Court has stated that "[t]he term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority." State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, AGO's 69-2 (and authorities cited therein) noting, inter alia, that s. 5(a), Art. II, makes no distinction between legally appointed and legally elected officers; 80-97.
QUESTION ONE
I have been advised that the Zoning Board of Adjustment has the following powers and duties as set forth in s. 18-13, Code of the Town of Lake Clarke Shores: To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by the Building Official in the enforcement of the zoning code; to hear and decide only such special exceptions as the Zoning Board of Adjustment is specifically authorized to pass upon by the terms of the zoning code; and to authorize upon appeal from the decision of the Building Official variances from the terms of the zoning code. Members of the Zoning Board of Adjustment are appointed by the Town Council. Section 18-12, Code of the Town of Lake Clarke Shores. See, AGO 84-25, wherein this office concluded that a position on a municipal board of adjustment is an office and does not fall within the exception in s. 5(a), Art. II, State Const., for an officer's services on statutory bodies having only advisory powers. Inasmuch as the Zoning Board of Adjustment in the instant inquiry exercises a portion of the sovereign power in carrying out its deliberations by granting or denying special exceptions, variances, and relief from determinations of the Building Official, I am of the opinion that membership on the Zoning Board of Adjustment must be deemed an "office."
Pursuant to s. 14-12, Code of the Town of Lake Clarke Shores, the Town Council is designated and established as the Local Planning Agency for the incorporated territory of the town. The Local Planning Agency is authorized and directed to, inter alia, prepare the comprehensive plan in accordance with the Local Government Comprehensive Planning Act of 1975, now entitled the Local Government Comprehensive Planning and Land Development Regulation Act, see, Part II, Ch. 163, F.S., and to recommend the plan or elements or portions thereof to the Town Council for adoption. Moreover, the agency is authorized to monitor the effectiveness and status of the plan and recommend to the Town Council such changes in the plan as may be required from time to time. In contrast to the powers exercised by the Zoning Board of Adjustment, it appears that the powers of the Local Planning Agency are information-gathering and advisory only. Such agency does not appear to be vested with any authority to exercise the sovereign power of the state, the possession and exercise of such power being an identifying characteristic of an "office." Attorney General Opinion 69-2. See, s. 5(a), Art. II, State Const., providing that "any officer may be a member of a . . . statutory body having only advisory powers." Thus, it appears that the Local Planning Agency of the Town of Lake Clarke Shores is included within the foregoing exception to the dual officeholding prohibition of s. 5(a), Art. II. Cf., AGO's 74-232 (council member may serve on county planning commission established pursuant to Part II, Ch. 163, F.S. [1974], having only those powers contemplated by that part); 77-74 (s. 5[a], Art. II, State Const., does not prohibit legislator from serving simultaneously in Legislature and on Florida Advisory Council on Intergovernmental Relations); 73-288 (member of municipal zoning board having only advisory powers may continue to serve as such after his election to county office); 73-47 (trustee of junior college district may also serve as member of a parks, planning, and zoning commission, a statutory body having only advisory powers); 71-43 (member of state park advisory council is not public officer in the sense that would disqualify him from also holding elective or appointive public office or require him to resign to run for public office). But see, Advisory *2186 Opinion to the Governor, 1 So.2d 636
(Fla. 1941); AGO 76-241. However, in the instant case, the Town Council has been designated and established as the Local Planning Agency for the incorporated territory of the town. See, s.163.3174(1), F.S., providing that the governing body of a local government may designate itself as the Local Planning Agency pursuant to that subsection. It is clear that a town council member is an officer within the purview of s. 5(a), Art. II, State Const. Attorney General Opinions 74-232; 72-348. Therefore, while membership on the Local Planning Agency is not an "office" for purposes of dual officeholding, a member of the Local Planning Agency is also a member of the Town Council and as such is an officer who may not simultaneously serve on another office, such as the Zoning Board of Adjustment, without violating the dual officeholding provision of s. 5(a), Art. II.
In reaching this conclusion, I am not unaware of those cases or opinions which hold that the mere imposition of an officeholder of additional or ex officio duties compatible, or not in conflict, with the duties the officeholder is already required to perform is not a violation of the constitutional dual officeholding prohibition. See, Bath Club, Inc. v. Dade County, 394 So.2d 110
(Fla. 1981); State v. Florida State Turnpike Authority,80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437
(Fla. 1939); AGO's 85-21; 81-72, 81-61; 80-97. And see, AGO's 70-46 and 80-17 (a conflict of interest or clash of duties exists when one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent or when the incumbent of one of the offices has the power of appointment to the other office or has the power to remove or punish the incumbent of the other); Gryzik v. State, 380 So.2d 1102 (1 D.C.A. Fla., 1980), pet. for rev. denied, 388 So.2d 1113 (Fla. 1980) (incompatibility exists when duties of the two offices are such that when placed in one person they might disserve the public interest or might or will conflict even on rare occasions). However, from the information presented to this office, it does not appear that your inquiry relates to the imposition of ex officio duties. This office has not been advised of any provision in the enabling legislation for such boards or council which places such additional or ex officio duties or responsibilities on such officers. See, AGO 70-46 (statute imposing an ex officio post upon holder of another officer must be distinguished from one authorizing the appointment of one office holder to another distinct and separate office); AGO 76-92 (ordinance which did not abolish office of town marshal but merely authorized mayor to assume and perform duties of that office, i.e, perform functions of another office still in existence, violated constitutional prohibition against dual officeholding).
The Town Council is presently considering whether to create the Building Board of Appeals to hear and decide appeals from certain determinations by the Building Official regarding construction and engineering. In the alternative, the Town Council may enter into an inter-local agreement with Palm Beach County to use the county's Building Board of Appeals. I have been informed that the town's building requirements are the same as those in effect for Palm Beach County. The Building Board of Appeals would consider requests, interpret technical codes, and make binding determinations based upon the evidence heard and numerous other factors. In such regard, the Building Board of Appeals would clearly exercise a portion of the governmental and sovereign authority of the town and thus membership on such a board would, in my opinion, constitute an office for purposes of s. 5(a), Art. II, State Const. To the extent that the Palm Beach County Building Board of Appeals carries out similar duties and functions, it too must be considered an office.
In light of the foregoing, I must conclude that the Zoning Board of Adjustment of the Town of Lake Clarke Shores is an office within the ambit of s. 5(a), Art. II, State Const. Moreover, the town's contemplated Building Board of Appeals, if created by the Town Council, would also appear to constitute such an office. Therefore, it is my opinion that an individual serving on the Zoning Board of Adjustment may not also serve on the Building Board of Appeals without violating the prohibition contained in s. 5(a), Art. II, State Const., against dual officeholding. The Local Planning Agency of the Town of Lake Clarke Shores appears to be a "statutory body having only advisory powers," and accordingly membership on such board is not subject to the provisions of s. 5(a), Art. II, State Const.; however, because the Town Council is also designated and established as the Local Planning Agency, a council member may not also serve on either the Zoning Board of Adjustment or the Building Board of Appeals without violating the constitutional prohibition against dual officeholding.
QUESTION TWO
You state that the town engineer, who is appointed annually by the Town Council, is an independent contractor rather than a full-time employee of the town. The specific duties of the town engineer are set forth in an agreement for professional services which was sent to this office in a supplementary communication. The engineer also conducts a private practice with his own clients. You inquire as to whether the engineer may act as chairman of the Zoning Board of Adjustment provided he does not sit on the board "whenever any private client of his with whom he has consulted or by whom he has been retained brings a matter before that Board." My examination of the agreement between the Town of Lake Clarke Shores and its engineer for professional services leads me to conclude that such document does not appear to invest any governmental or sovereign power in the town engineer nor constitute his position as an "office." Cf., AGO 80-97. Thus, in the absence of any statute or ordinance granting such power or imposing duties of a sovereign nature on the town engineer, I am of the opinion that he is not an officer and may serve as chairman of the Zoning Board of Adjustment without violating s. 5(a), Art. II, State Const. It should be noted, however, that pursuant to s. 286.012, F.S.:
 No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143.
Moreover, Part III of Ch. 112, F.S., establishes the Code of Ethics for Public Officers and Employees which is administered by the Commission on Ethics. See, e.g., s. 112.322(3), F.S. See also, s. 112.313(1), F.S., defining the term "public officer," unless the context requires otherwise, as including "any person elected or appointed to hold office in any agency, including any person serving on an advisory body." And see, s. 112.312(2), F.S., defining "[a]gency" for purposes of Part III. Any questions involving a potential conflict of interest arising from the town engineer serving as chairman of the Zoning Board of Adjustment should be directed to the Commission on Ethics.
Question Three
I am advised that the Town of Lake Clarke Shores operates a voluntary, non-salaried, auxiliary police officer program. Citizens of the town may participate in this program if they are properly trained and certified as auxiliary law enforcement officers pursuant to Ch. 943, F.S. Although such auxiliary police officers carry firearms, they are not authorized under the program to make an arrest. Any arrest must be made only by the officer employed by the town as a full-time police officer. Moreover, although the members of the auxiliary police program are not required to work a regular schedule, they must work a designated number of hours per month. Other duties of the auxiliary police officers include directing traffic, serving as witnesses and generally assisting regular police officers under such officers' supervision and direction.
Section 943.10(8), F.S., as renumbered by s. 40, Ch. 86-183, Laws of Florida, defines "[a]uxiliary law enforcement officer" to mean "any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer has, the authority to arrest and perform law enforcement functions." The Criminal Justice Standards and Training Commission within the Department of Law Enforcement is directed to certify and revoke the certification of officers as well as to establish uniform minimum standards for the employment and training of all law enforcement officers. Section943.12, F.S., as amended by Ch. 86-187, Laws of Florida. See also, s. 943.1395, F.S., as amended by Ch. 86-187, Laws of Florida. No person may be employed as a part-time or auxiliary police officer unless he has been certified by the Criminal Justice Standards and Training Commission pursuant to s. 943.1395, F.S., as amended by Ch. 86-187, Laws of Florida. Attorney General Opinion 86-84. If an auxiliary police officer does not meet the requirements of ss.943.12-943.14, F.S., as amended, and the rules and regulations of the Commission, such officer's authority to act and function as an auxiliary police officer is limited and his power to arrest is no greater than that of a private citizen. Attorney General Opinions 86-84; 77-63. See also, AGO's 73-398; 73-14.
In AGO 77-63, this office concluded that a non-salaried, part-time, certified auxiliary or reserve police officer is an "officer" within the purview of the constitutional dual officeholding prohibition. Accord, AGO's 86-84; 84-25. In the instant case, the auxiliary police officer program of the Town of Lake Clarke Shores does not empower such officers to make arrests although these officers carry firearms. Nevertheless, I am not persuaded that this distinction between your inquiry and those addressed in AGO's 86-84, 84-25 and 77-63 operates to remove those auxiliary police officers under consideration from the concept of an "officer" within the contemplation of s. 5(a), Art. II, State Const. While the authority to arrest is an important factor in determining whether such individuals are exercising the sovereign power of the city while discharging their duties, it is not the only factor to be considered. Despite the local policy constraining such officers not to make arrests, these officers have apparently met the statutory requirements for certification as auxiliary law enforcement officers and are authorized "to arrest and perform law enforcement functions" pursuant to s.943.10(8), F.S., as renumbered by s. 40, Ch. 86-183, Laws of Florida. See, Stanford v. State, 415 So.2d 879, 881 (1 D.C.A. Fla., 1982), wherein the court held that an auxiliary law enforcement officer is accorded the authority to arrest and perform law enforcement functions "as long as the auxiliary officer is directly accountable to a full or part-time law enforcement officer who is in the immediate vicinity of the scene and who has ultimate control of the situation." Cf., City of Hollywood v. Litteral, 446 So.2d 1152 (4 D.C.A. Fla., 1984), wherein the court determined that a "community service officer" was not a "law enforcement officer" as defined in s. 112.531, F.S., in that the community service officer's job description provided that the officer had no general arrest powers, was not authorized to carry weapons, and was not to enforce the law or respond to emergencies. Moreover, the individuals under consideration apparently operate as an adjunct of local law enforcement, exercising and performing certain police functions including the carrying of arms. Attorney General Opinion 81-5. Therefore, I am of the view that such auxiliary police officer of the Town of Lake Clarke Shores is an "officer" within the meaning of s. 5(a), Art. II, State Const., and accordingly may not serve on the Zoning Board of Adjustment or the contemplated Building Board of Appeals without violating the constitutional prohibition against dual officeholding.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that:
 1. An individual serving upon the Zoning Board of Adjustment may not also serve upon the contemplated Building Board of Appeals without violating the constitutional prohibition against dual officeholding contained in s. 5(a), Art. II, State Const. Moreover, while the Local Planning Agency appears to be a body having only advisory powers and thus not subject to the prohibitions of s. 5(a), Art. II, State Const., inasmuch as the Town Council is designated and established as the Local Planning Agency, such council member may not also sit upon the Zoning Board of Adjustment or contemplated Building Board of Appeals without violating the foregoing constitutional prohibition.
 2. The town engineer does not appear to occupy an "office" within the purview of s. 5(a), Art. II, and may serve as chairman of the Zoning Board of Adjustment; however, any questions involving a potential conflict of interest arising therefrom should be directed to the Commission on Ethics.
 3. A citizen serving in the auxiliary police program of the Town of Lake Clarke Shores who is trained and certified as an auxiliary law enforcement officer pursuant to Ch. 943, F.S., and who is authorized to carry a firearm and assist regular police officers, is an "officer" within the contemplation of the foregoing constitutional prohibition against dual officeholding and may not serve upon the Zoning Board of Adjustment or contemplated Building Board of Appeals without violating said prohibition.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General