Mr. Fred O. Dickinson III Executive Director Department of Highway Safety and Motor Vehicles Kirkman Building 2900 Apalachee Parkway Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
Based upon recent events you have verbally asked my opinion on substantially the following question:
May an auxiliary law enforcement officer make arrests if a full-time or part-time law enforcement officer is not in immediate physical proximity?
In sum:
While s. 943.10(8), F.S., requires that an auxiliary law enforcement officer be under the direct supervision of a full-time or part-time law enforcement officer when making arrests or performing law enforcement functions, the term "direct supervision" would not appear to require physical proximity of the control officer but could be accomplished through the use of telecommunications technology.
Section 943.10(8) defines "auxiliary law enforcement officer" to mean:
[A]ny person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions. (e.s.)
The statute does not define "direct supervision." While the term "direct supervision" has been defined for certain professional occupations such as dentists,[1] these definitions would notappear to control. In Stanford v. State,[2] the district court specifically rejected a claim that the definition of direct supervision in the context of a regulated business applied to law enforcement officers in the everyday exercise of their duties.[3]
In considering the term "direct supervision" as applied to law enforcement officers, the Stanford court stated:
Given the exigencies inherent in the law enforcement profession, we conclude that the requirement that auxiliary officers function while "under the direct supervision" or "in the company and under the direct control of" a full or part-time law enforcement officer is met as long as the auxiliary officer is directly accountable to a full or parttime law enforcement officer who is in the immediate vicinity of the scene and who has ultimate control of the situation. The degree of supervisory control necessary would be dependent upon the exigencies created by the circumstances.
The court in Stanford upheld an arrest by an auxiliary officer even though the auxiliary officer was not visible to his control officer at the time. Thus, the term "direct supervision" for law enforcement purposes has not been defined by the courts to require visual contact between the auxiliary officer and the control officer. With the advances in technology, direct supervision by a control officer would not necessarily require physical proximity of the control officer but could be accomplished through the use of telecommunications technology provided ultimate control of the situation rests with a full-time or part-time law enforcement officer. In addition, it appears that the standards for auxiliary officers have been strengthened since the Stanford opinion was issued.[4] I note that s. 321.24, F.S., authorizes the director of the Florida Highway Patrol (patrol) to establish an auxiliary to the patrol composed of persons who may volunteer to serve as auxiliarymen to the patrol. While the statute provides that such volunteers have the power to bear arms, "[n]othing herein shall be construed to authorize any member of the auxiliary to make arrests."[5] Section 321.24 was adopted in 1957 and has only been amended once.[6] Section 321.24, F.S., imposes no specific qualifications for such volunteers. They are approved on an individual basis. After completion of a firearms course and a course of study approved by the director of the patrol, they serve under the supervision of the director or a member of the patrol in assisting the patrol in the performance of its regularly constituted duties. In contrast, auxiliary law enforcement officers must meet rigorous qualification and training standards in order to be certified as auxiliary law enforcement officers under Ch. 943, F.S.
While s. 321.24 does not authorize "auxiliarymen" to make arrests, I find nothing in that statute which would preclude a certified auxiliary law enforcement officer serving with the patrol from making arrests while under the direct supervision of a full-time or part-time law enforcement officer of the Florida Highway Patrol. This office has been advised that the auxiliary personnel serving with the patrol are certified auxiliary law enforcement officers. Thus, such officers, in my opinion, would be authorized to make arrests while under the direct supervision of a full-time or part-time officer of the patrol.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See s. 466.003(8), F.S. And see, s. 463.002(7) (easy availability or physical presence of optometrist); s. 484.002(5) (opticians); s. 484.0445(2) (hearing aid specialists); 486.021(9) (physical therapists); s. 468.301(6) (radiologic technologists); s. 468.352(3) (respiratory therapists), F.S. Compare, s.468.1125(9), F.S. (1992 Supp.) (direct supervision requires physical presence of the licensed speech-language pathologist or audiologist for consultation and direction of the assistant "unless the assistant is acting under protocols established by the board").
[2] 415 So.2d 879 (1 D.C.A. Fla., 1982).
[3] Appellants had argued that the stop and frisk by the auxiliary law enforcement officer was insufficient based upon the decision in Piperato v. Zuelch, 395 So.2d 1231 (3 D.C.A. Fla., 1981), relating to direct supervision of tatoo artists.
[4] Compare, s. 943.13, F.S. 1981, which set forth minimum standards for full-time law enforcement officers with s. 943.13, F.S. 1993, which sets forth minimum standards not only for full-time law enforcement officers but part-time law enforcement officers and auxiliary law enforcement officers as well.
[5] Section 321.24(4), F.S.
[6] See, ss. 1-4, Ch. 57-96, Laws of Florida, as amended by s. 1, Ch. 71-15, Laws of Florida. The 1971 amendment authorized these volunteers to bear arms.