298 So.2d 431 (1974)
Milton TEASLEY, As Executor of the Estate of Recie R. Cooper, Deceased, Appellant,
v.
Frances BLANKENBERG, Appellee.
No. 73-113.
District Court of Appeal of Florida, Fourth District.
August 2, 1974.
George Ritchie, Cocoa, for appellant.
Roy Christopher, Mount Dora, for appellee.
OWEN, Chief Judge.
When Recie Cooper died on October 15, 1971, she had two federal savings and loan savings accounts and a commercial bank checking account, all of which were joint accounts with Frances Blankenberg. Upon Mrs. Cooper's death, Mrs. Blankenberg withdrew the balance in the several accounts. Mrs. Cooper's personal representative then brought suit against Mrs. Blankenberg to recover these amounts, and he *432 now appeals the final judgment which determined the funds to be the property of Mrs. Blankenberg. We conclude that the judgment should be affirmed.
The account at the First Federal Savings & Loan Association of Cocoa was opened on January 8, 1965 as a joint account with the right of survivorship. The account at the First Federal Savings & Loan Association of Eustis was opened on October 4, 1971, as a joint account but no evidence was offered that it expressly provided for the right of survivorship. In our opinion, the two federal savings and loan savings accounts were governed by Section 665.271, F.S.[1] Appellant contends that Section 665.271, F.S. would not apply to the Cocoa account because the statute became effective subsequent to the time the account was opened, and thus would be a retrospective application of the statute, and that it would not apply to the Eustis account because there was no evidence that the Eustis account expressly provided for right of survivorship as required by Section 689.15, F.S. We feel that neither contention would effectively preclude application of the statute to these particular accounts. Granting that the statute should not be given retrospective application, we consider that there is a proper basis for prospective application here. The statute applies to a savings account which is [being] maintained, and there is no question but that the Cocoa account was continuously maintained at all times after the effective date of the statute up until the account was closed by Mrs. Blankenberg's withdrawal of the funds. Likewise, there is no question but that the Eustis account was under the savings and loan rules and regulations, maintained in the name of two persons "in such form that the moneys in the account [were] payable to either or the survivor or survivors", despite the fact that there is an absence of evidence that the account expressly provided for right of survivorship as required generally under Section 689.15, F.S.
The checking account was in the First National Bank of Mt. Dora, and was opened on July 26, 1967 in the form of a joint checking account with the right of survivorship. When Mrs. Cooper established this account with her own funds a presumption arose that she intended a gift to the joint tenant of such funds as remained in the account at her death, a presumption which is rebuttable only by clear and convincing evidence to the contrary. Spark v. Canny, Fla. 1956, 88 So.2d 307.[2] The trial court, as the trier of fact, expressly found that it was Mrs. Cooper's intent to give to Mrs. Blankenberg a present right of ownership in the account, and that the presumption of gift had not been rebutted, findings which appellant strenuously contends are not supported by the evidence. There is evidence to support these findings. Likewise, there is evidence from which a contrary inference could reasonably be drawn, but we do not find such to *433 be "clear and convincing evidence to the contrary".
Appellant's remaining point, concerning a ruling on the admissibility of certain documentary evidence, does not demonstrate reversible error.
Affirmed.
WALDEN, J., and SMITH, CULVER, Associate Judge, concur.
NOTES
[1] F.S. 665.271 "Accounts in two or more names.  When a savings account is maintained in any association or federal association in the names of two (2) or more persons, whether minor or adult, in such form that the moneys in the account are payable to either or the survivor or survivors then, in the absence of fraud or undue influence, such account and all additions thereto, shall be the property of such persons as joint tenants. The moneys in account may be paid to or on the order of any one of such persons during their lifetimes or to or on the order of any one of the survivors of them after the death of any one (1) or more of them. The opening of the account in such form shall, in the absence of fraud or undue influence, be conclusive evidence in any action or proceeding to which either the assocation or the survivor or survivors is a party, of the intention of all of the parties to the account to vest title to such account and the additions thereto in such survivor or survivors. * * *"
[2] A somewhat similar presumption has now been established by statute, Section 659.291, F.S. It might be argued that this statute, with an effective date of July 1, 1971, is nonetheless applicable to the Mt. Dora checking account, since the statute makes reference to "the opening or maintenance of an account", but we do not need to determine the applicability of this statute.