403 So.2d 985 (1980)
Robert P. FORTMAN and Helen Fortman, Appellants,
v.
FREEDOM FEDERAL SAVINGS AND LOAN ASSOCIATION OF TAMPA, Appellee.
No. 80-782.
District Court of Appeal of Florida, Second District.
December 17, 1980.
Rehearing Denied February 11, 1981.
*986 V. Patton Kee and James P. Hahn of Hahn, Breathitt, Roberts & Watson, Lakeland, for appellants.
Frank Stanley and Craig M. Spanjers of Stanley, Wines & Smith, Auburndale, for appellee.
PER CURIAM.
Affirmed.
SCHEB, C.J., and GRIMES and DANAHY, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
On motion for rehearing, appellants earnestly contend that our decision is in direct conflict with Teasley v. Blankenberg, 298 So.2d 431 (Fla. 4th DCA 1974). Because the two cases have many similarities, we have decided to write this opinion in order to explain why we believe Teasley to be inapplicable.
On October 5, 1972, R.C. Hobbs obtained from appellee a certificate of deposit issued in his name and the names of the two appellants. There was nothing else on the certificate itself which indicated the manner of ownership. Hobbs paid for the certificate and took it with him. At that time, he also received a signature card which he and appellants were to sign and return to appellee. The signature card contained language which indicated that the parties would own the certificate as joint tenants with right of survivorship.
About two months later, Hobbs died in an automobile accident. Despite the fact that one of appellee's employees had reminded him on one occasion to return the executed signature card, he failed to do so before his death. After his death, appellee turned the proceeds of the certificate over to the personal representative of his estate. Appellants then sued appellee, contending that they were entitled to the proceeds of the certificate as Hobbs' survivors.
Debra Watford, appellee's operations supervisor, testified that when a person obtains a certificate of deposit in more than one name, he customarily signs a temporary duplicate signature card and leaves it with appellee pending return of the properly executed original signature card. Hobbs, however, signed neither the original nor the duplicate card. While Mrs. Watford stated that she had caused the account to be recorded in appellee's computer as a joint account with right of survivorship, she said that for purposes of determining to whom a deposit should be paid, appellee always relied on the signature cards.
In ruling against appellants, the trial court held that the creation of a joint account with right of survivorship depended upon the execution of the "signature joint savings account authorization," and that this never occurred. Appellants, on the other hand, contend that given the foregoing facts, they became entitled to the proceeds of the account upon Hobbs' death by virtue of section 665.271, Florida Statutes (1971). That statute reads in pertinent part as follows:
665.271 Accounts in two or more names.  When a savings account is maintained in any association or federal association *987 in the names of two or more persons, whether minor or adult, in such form that the moneys in the account are payable to either or the survivor or survivors then, in the absence of fraud or undue influence, such account and all additions thereto shall be the property of such persons as joint tenants. The moneys in account may be paid to or on the order of any one of such persons during their lifetimes or to or on the order of any one of the survivors of them after the death of any one or more of them. The opening of the account in such form shall, in the absence of fraud or undue influence, be conclusive evidence in any action or proceeding to which either the association or the survivor or survivors is a party, of the intention of all of the parties to the account to vest title to such account and the additions thereto in such survivor or survivors. By written instructions given to the association by all the parties to the account, the signatures of more than one of such persons during their lifetime or of more than one of the survivors after the death of any one of them may be required on any check, receipt, or withdrawal order, in which case the association shall pay the moneys in the account only in accordance with such instructions, but no such instructions shall limit the right of the survivor or survivors to receive the moneys in the account.
We believe that appellants' argument falls short because in order for an account to be a survivorship account, the statute requires that it be "maintained ... in such form that the moneys in the account are payable to either or the survivor or survivors." Here, appellee did not issue the certificate in a survivorship form, and there were no executed documents reflecting survivorship. Hence, the account was never "in such form" that it could become a survivorship account. Cf. Smith v. Thomas, 520 S.W.2d 132 (Mo. App. 1975), in which the court held that a statute similar to section 665.271 did not cause bank deposits opened in more than one name to become survivorship accounts when the depositor signed no documents with the requisite survivorship language.
We also believe that section 665.271 should be read in pari materia with section 665.231(2), Florida Statutes (1971), which reads as follows:
(2) SAVINGS ACCOUNT CONTRACT.  Each holder of a savings account shall execute a savings account contract setting forth any special terms and provisions applicable to such savings account and the ownership thereof and the conditions upon which withdrawals may be made not inconsistent with the provisions of this chapter.
Therefore, until the parties signed the signature card which contained the savings account contract, the joint account with right of survivorship did not come into existence. Hence, appellants were not entitled to the proceeds upon Hobbs' death.
In Teasley, a Mrs. Cooper opened a joint account with Frances Blankenberg at the First Federal Savings and Loan Association of Eustis. Since the district court of appeal observed that no evidence was offered that the account expressly provided for the right of survivorship, we may assume that Mrs. Cooper had not signed a signature card containing survivorship language. Nevertheless, the court concluded that Mrs. Blankenberg was entitled to the funds upon Mrs. Cooper's death by virtue of section 665.271. In reaching its conclusion, the court said:
The statute applies to a savings account which is [being] maintained, and there is no question but that the Cocoa account was continuously maintained at all times after the effective date of the statute up until the account was closed by Mrs. Blankenberg's withdrawal of the funds. Likewise, there is no question but that the Eustis account was under the savings and loan rules and regulations, maintained in the name of two persons "in such form that the moneys in the account [were] payable to either or the survivor or survivors", despite the fact that there is an absence of evidence that the account expressly provided for right of survivorship *988 as required generally under Section 689.15, F.S.
298 So.2d at 432. It is evident from the italics that our sister court concluded that it was only the savings and loan rules and regulations which dictated that the account had been maintained "in such form that the moneys in the account [were] payable to either or the survivor or survivors." In the case at hand, however, appellants did not show that there were savings and loan rules and regulations which would automatically cause an account placed in two names, without more, to become a survivorship account.
Accordingly, we deny the motion for rehearing.
SCHEB, C.J., and GRIMES and DANAHY, JJ., concur.