446 So.2d 1152 (1984)
CITY OF HOLLYWOOD, Florida, Appellant,
v.
Marsha LITTERAL, Appellee.
No. 83-819.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
*1153 Nancy A. Cousins, City Atty., and Andrew DeGraffenreidt III, Deputy City Atty., Hollywood, for appellant.
Charles T. Whitelock, Fort Lauderdale, for appellee.
DELL, Judge.
The City of Hollywood appeals from a final summary judgment which ordered reinstatement of appellee to her former capacity as a community service officer with full back pay, benefits and privileges.
Appellant's police department hired appellee as a community service officer. Appellee became a permanent employee for civil service purposes after serving a probationary period. In December, 1977, appellee became a police officer and began a one year probationary period with respect to that position during which she attended the police academy. Six months later, appellant terminated appellee. On June 22, 1978, exactly ten days after the termination letter, appellee's counsel wrote a letter to the chairman of the Civil Service Board of Hollywood, in which he requested a complete review of appellee's wrongful discharge. On July 5, 1978, the Civil Service Board informed appellee's counsel, by letter, that appellee had no right to a hearing before the Civil Service Board. Appellee filed the instant suit for injunction in January, 1981, asserting rights as a police officer under Sections 112.531 through 112.534, Florida Statutes (1979) [the Police Officers' Bill of Rights] and as a civil service employee. On cross motions for summary judgment the trial court found appellee to be a probationary police officer and a full time, non-probationary community service officer. The court concluded that although she was not entitled to any administrative hearing or process as a probationary police officer, appellee should have received a hearing before the Civil Service Board on her entitlement to a continuation of her permanent status as a community service officer.
Appellant first contends that the circuit court lacked jurisdiction to determine appellee's civil service rights as a community service officer because she did not request a civil service hearing with respect to that position, and thus appellee failed to exhaust her administrative remedies. Second, assuming appellee did exhaust her administrative remedies, appellant contends the circuit court lacked jurisdiction because appellee failed to seek certiorari review of the Civil Service Board's denial of hearing within the 30 day jurisdictional time limit of Rule 9.100(c), Florida Rules of Appellate Procedure.
Appellee claims that the June 22 letter to the Civil Service Board adequately raised the issue of her community service officer status. She further argues that since she included her claim for rights as a civil servant in her complaint for injunction pursuant to Section 112.534, Rule 9.100(c) does not apply.
Although appellant contends that appellee requested a civil service hearing only with respect to her police officer status, the June 22 letter requested "a complete review as a consequence of the wrongful discharge by the City of Hollywood Police Department as evidenced by a copy of the attached [termination] letter." [Emphasis added.] Neither the June 22 letter nor the referenced termination letter mentions probationary police officer status. Both refer to her termination by the police department. Since appellee had previously been employed by the Hollywood Police Department as a community service officer, we construe the June 22 letter as a timely assertion of all civil service rights relating to her employment by the police department. Appellee exhausted her administrative remedies.
Section 112.531 defines a "law enforcement officer" as "any person ... employed full time by any municipality ... whose *1154 primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state." Since appellee did not cross appeal the issue of her rights as a probationary police officer, we need only to determine appellee's rights with reference to her status as a community service officer.[1]
The record contains a description of a community service officer's duties:
An employee occupying a position allocated to this class is responsible for the performance of a variety of field and office activities relating to the routine, noncrime aspects of law enforcement. This class of position differs from that of police officer in that the incumbent posseses [sic] no general arrest powers, is not authorized to carry weapons, and does not enforce the law or respond to emergency calls. Work assignments are given orally and in writing, and work is performed under close, immediate supervision.
The record also contains twelve examples of the type of work performed, two of which relate tangentially to the prevention or detection of crime. Three relate to enforcement of traffic laws. The remaining seven have no connection with law enforcement. Our review of the record satisfies us that appellee was not a law enforcement officer as defined in Section 112.531, and we so hold.
However, even if we were to assume that appellee did qualify as a law enforcement officer, this court has held that an injunction compelling reinstatement will not lie under Section 112.534.
Appellants sought as an alternative to mandamus, injunctive relief, in reliance on Section 112.534. This section operates only to immediately restrain violation of the rights of police officers by compelling performance of the duties imposed by Section 112.531 to 112.534... . [I]f an officer is refused review by the complaint review board, under appropriate circumstances, the agency can be compelled to grant such review. We do not view this section as creating a right to injunctive relief in the form of reinstatement after discharge.
Migliore v. City of Lauderhill, 415 So.2d 62, 65 (Fla. 4th DCA 1982).
Neither does the Police Officers' Bill of Rights vest the circuit court with authority to compel a hearing before the Civil Service Board. The injunction authorized by Section 112.534 lies to restrain violations "of this part" [§§ 112.531 through 112.534] and to compel performance of the duties established "by this part," but this part does not mention civil service hearings.
Finally, we consider appellee's rights purely as a civil servant. Appellee timely asserted her civil service rights. The Civil Service Board denied appellee's right to a hearing on July 5, 1978. This denial was reviewable by petition for certiorari to the circuit court within thirty days of July 5, 1978. Fla.R.App.P. 9.100(c). Therefore, the circuit court did not have jurisdiction. State, Department of Highway Safety v. Joannou, 353 So.2d 164 (Fla. 3d DCA 1977); Powell v. Civil Service Board of Escambia County, 154 So.2d 917 (Fla. 1st DCA 1963); see Migliore, supra.
We hold that appellee was not a law enforcement officer, and had no rights under Sections 112.531-112.534, Florida Statutes (1979). We further hold that the circuit court was without jurisdiction to entertain appellee's prayer for reinstatement and back pay. Accordingly, we reverse the final judgment in favor of appellee and remand this cause with instructions to enter judgment in favor of appellant.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.
NOTES
[1] Appellee did argue the merits of the trial court's ruling on her rights as a probationary police officer in her brief. However, she failed to file the notice of cross appeal required by Rule 9.110(g), Florida Rules of Appellate Procedure. Therefore, we do not address the issue. See generally Webb General Contracting, Inc. v. PDM Hydrostorage, 397 So.2d 1058 (Fla. 3d DCA 1981) [discussing function and proper usage of notice of cross appeal].