463 So.2d 1190 (1985)
Frank H. HARRISON, Individually and As Personal Representative of the Estate of James Ronald Leathers, Deceased, Appellant,
v.
Bernard HUBER and Helen Huber, His Wife, and Margaret Bradley, Appellees.
No. 84-981.
District Court of Appeal of Florida, Second District.
January 16, 1985.
Rehearing Denied February 25, 1985.
N. David Korones, Clearwater, for appellant.
Wm. Fletcher Belcher, St. Petersburg, for appellees.
OTT, Judge.
In this appeal from a nonfinal order, Frank H. Harrison, individually and as Personal Representative of the Estate of James Ronald Leathers, deceased, seeks review of the trial court's grant of partial summary judgment in favor of appellees. We affirm and remand.
In November, 1979, a certificate of deposit was opened at the Palm Harbor office of Sun Bank (a commercial bank) in the names of "James R. Leathers or Frank H. Harrison." No language concerning survivorship was contained in the certificate of deposit. Leathers died in March of 1980. Shortly thereafter, Harrison redeemed the $35,000 certificate of deposit and placed the funds in his personal account.
Appellees, residual beneficiaries of the estate of James R. Leathers, filed suit against Harrison, individually and as the personal representative of the estate, seeking inter alia recovery of the funds from the certificate of deposit.
Appellees moved for partial summary judgment seeking a determination that Harrison had no right or entitlement to the proceeds of the certificate of deposit. In its order granting appellees' motion for *1191 partial summary judgment, the trial court phrased the issue before it as follows:
Whether or not the opening of a certificate of deposit in the names of "James R. Leathers or Frank H. Harrison," with no reference of any kind of survivorship, is sufficient to create a joint account with right of survivorship.
Without discussion, the trial court determined that the above-mentioned account style did not create a joint account with right of survivorship.
The narrow legal issue addressed by the trial court in the order granting appellees' motion for partial summary judgment is controlled by section 659.291(1), Florida Statutes (1979),[1] which provides:
Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, title, interest and claim in, to, and in respect of, said deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper set-offs and charges in favor of the bank, shall vest in the surviving account holder or holders.
We are not persuaded by appellant's position that the opening of an account in two names, even without survivorship language, automatically creates an account with right of survivorship. As we read the governing statute, some language indicating survivorship is required to invoke the rebuttable presumption of survivorship. See Fortman v. Freedom Federal Savings and Loan Ass'n of Tampa, 403 So.2d 985 (Fla. 2d DCA), pet. for review denied, 402 So.2d 609 (Fla. 1981) (interpreting savings and loan association rules). Accordingly, we hold that the lower court correctly found the opening of a certificate of deposit in a commercial bank in the names of "James R. Leathers or Frank H. Harrison," without more, did not create a survivorship account under section 659.291(1).
We have addressed only the narrow legal issue contained in the lower court's order. The order was partial and was limited to the same narrow legal issue addressed by this court. The order did not address or dispose of other issues, such as what ownership interest appellant may have in the certificate of deposit, if any.
AFFIRMED and REMANDED.
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 659.291 was renumbered section 658.56 and amended by chapter 80-260, § 46, Laws of Florida effective July 1, 1980.