538 So.2d 970 (1989)
Carole ROSECRANS, Appellant,
v.
Gloria EDEN, As Personal Representative of the Estate of Donald W. Adams, Deceased, Appellee.
No. 88-85.
District Court of Appeal of Florida, Fifth District.
February 23, 1989.
*971 Neva M. Kelaher, of Kane & Williams, P.A., Orlando, for appellant.
Thomas R. Olsen, of Olsen & Olsen, Orlando, for appellee.
COBB, Judge.
This appeal concerns the ownership of a joint checking account held in the names of Donald Adams (deceased) or Carole Rosecrans (appellant). The niece of Donald Adams and personal representative of his estate, Gloria Eden (appellee), claimed below that no joint tenancy was created with right of survivorship.
In 1983, Adams opened a joint money market checking account at Florida National Bank in the name of Donald Adams or Carole Rosecrans in the amount of $15,000.00, whereby either party had the right to sign checks or deposit money without the signature of the other person. When the account was opened, both Adams and Rosecrans signed a signature card which was microfilmed by the bank. A depositor's agreement which contained express language of survivorship (with space for customer's signatures) was given to Adams but was not microfilmed by the bank. The operations manager for Florida National Bank suggested that even if customers did not sign the depositor's agreement form, they would still be joint tenants with right of survivorship, provided they signed the signature card, which would indicate that the customer received the deposit agreement from the bank.
In 1986, Adams died and Eden was appointed personal representative of Adams's estate. Upon the request of Eden, $16,105.69 was ultimately withdrawn and the account closed. According to the testimony of Rosecrans, she considered the account with Adams to be hers. Testimony was also received by Donald Stinebaugh, Adams's friend, who stated that Adams had advised him that he put Carole's name on the account because he wanted Carole to be taken care of.
In 1987, Rosecrans filed a complaint for declaratory judgment to determine who was the rightful owner of the funds contained in the account. A non-jury trial was held and the trial court found for Eden as personal representative of the estate of Donald Adams, deceased. On appeal, Rosecrans contends that the trial court erred because section 658.56, Florida Statutes (1983), creates a presumption that a person depositing funds in a bank account in two or more names intends the creation of a right of survivorship. She argues that no reasonable or clear and convincing proof was presented to rebut the presumption that Donald Adams and Rosecrans intended anything other than a joint account with right of survivorship.
Eden argues that the signature card did not contain survivorship language and, therefore, a joint account with right of survivorship was not created. Furthermore, Eden maintains that the only survivorship language relating to the account *972 was contained in the terms of the deposit agreement and there was no evidence that Adams and Rosecrans had ever signed this particular form. Finally, Eden relates that even if a presumption has been created pursuant to section 658.56, there was clear and convincing proof that a joint account with right of survivorship was not intended by Adams.
Section 665.063(1), Florida Statutes (1983), which is part of the Florida Savings Association Act and section 658.56[1] (previously section 659.291), which is part of the Florida Banking Code, were passed by the legislature because of the uncertainty in the law regarding joint accounts with right of survivorship. In Re Estate of Gainer, 466 So.2d 1055, 1057 (Fla. 1985); First National Bank of Leesburg v. Hector Supply Company, 254 So.2d 777, 781 n. 1 (Fla. 1971); Morgan v. McLaughlin, 260 So.2d 890, 892 (Fla. 2d DCA 1972) (J. Mann, dissenting).
Florida Statute 658.56(1) generally states that unless a depositor expressly rebuts the presumption of survivorship in a signature card or other similar instrument given to and accepted by the bank in connection with the opening or maintenance of an account (in the names of two or more persons), then all such persons will be presumed to have intended that upon the death of any account holder all title to the account will vest in the surviving account holder(s). The purpose for the statute originally enacted (as 659.291) in 1971 was:
CHAPTER 71-205
House Bill No. 507
AN ACT relating to deposits and accounts in banks in the names of two or more persons; amending Chapter 659, Florida Statutes, by adding section 659.291; establishing a presumption of vesting upon death of one and specifying evidence necessary to overcome such presumption; providing for vesting in survivors or survivor upon death of any one, in absence of requisite proof to overcome presumption; and providing an effective date.
The court interpreted section 658.56 in Harrison v. Huber, 463 So.2d 1190, 1191 (Fla. 2d DCA), dismissed, 469 So.2d 749 (Fla. 1985) and stated,
As we read the governing statute, some language indicating survivorship is required to invoke the rebuttable presumption of survivorship. See Fortman v. Freedom Federal Savings and Loan Ass'n of Tampa, 403 So.2d 985 (Fla. 2d DCA), petition for review denied, 402 So.2d 609 (Fla. 1981) (interpreting Savings and Loan Association rules).
In Fortman, the court affirmed the order of the trial court stating that the actual creation of a joint account with right of survivorship depended upon an execution of a signature joint savings account authorization. The court also held that Freedom Federal did not issue a certificate of deposit in survivorship form and there were no executed documents reflecting survivorship. The court also distinguished Teasley v. Blankenberg, 298 So.2d 431 (Fla. 4th DCA 1974)[2] by indicating that no evidence was offered in Fortman to show that under the savings and loan regulations, an account placed in two names would automatically, *973 without more, be "maintained" as a survivorship account. 403 So.2d at 988.
We find the statute clear on its face. The presumption of survivorship must be expressly negated, not expressly invoked. The Harrison decision has inverted the statutory purpose. We recognize section 689.15 states that the right of survivorship must be expressly provided for in the instrument which creates the estate in order for right of survivorship to prevail in Florida. This section should not, however, be read together with section 658.56 or the result is simply a waste of legislative effort. Section 689.15 should apply to estates of personal property or real estate, except where a more specific statute controls. In the present context, section 658.56 must control.
In the instant case, Adams and Rosecrans executed a signature card that created the contract. According to bank policy, a deposit agreement was given to all account depositors with the terms of the account therein, including survivorship language. The bank officer testified at trial and by deposition that no signature on the deposit agreement was requested or needed to set up a joint bank account with right of survivorship as the terms were explained to the customer as well as physically given to him.
Several factors fortify the presumption of survivorship created by section 658.56. First, the record reveals that the signature card contained the number "1" on it. The significance of that number is that only one signature was required. Therefore, by the terms of the signature card, the account was maintained payable to Adams or Rosecrans (individually or together), or since only one account holder needed to sign for the funds, a "survivor" could receive all of the funds as well (Rosecrans, in fact, signed three checks as a survivor). Second, the so-called "language of survivorship" was on the deposit agreement card that was given to Adams and verbally explained to him as well. Third, signing the signature card was all that was required by the bank to create the account with all of its applicable rules, regulations, and terms (specifically right of survivorship). Fortman; Teasley. Finally, testimony by Adams's friend, Donald Stinebaugh, presents competent evidence that Adams's intention was for the money to belong to Rosecrans. The suggestion by the trial court that section 658.56(1) is not determinative as to whether there are rights of survivorship as between joint tenants has been rejected by this court in Doran v. Gainer, 443 So.2d 473, 477 (Fla. 5th DCA 1984), rev'd in part on other grounds, 466 So.2d 1055 (Fla. 1985).[3]
Eden's alternative allegation is that if the presumption of survivorship is created under section 658.56, then clear and convincing proof was presented to rebut that presumption. We find no merit to appellant's arguments as they relate to Adams' intention because when all the evidence is considered as a whole, the result is simply inconclusive on this point.
We hold that the trial court erred as a matter of law in its interpretation of Florida Statute 658.56 (1983). In order to create the rebuttable presumption of joint tenants with right of survivorship, it is not necessary that there be express language to that effect, and appellee has put forth no clear and convincing evidence to rebut the presumption of survivorship. In so holding, we specifically disagree and recognize conflict with the interpretation of section 658.56 found in Harrison.
The final judgment of the trial court is reversed and remanded for an order awarding $16,105.69 to appellant plus interest at the bank rate for the account.
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Deposits and accounts in two or more names; presumption as to vesting on death. 
(1) Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, title, interest, and claim in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank, shall vest in the surviving account holder or holders.
[2] Teasley involved two savings and loan accounts and one bank checking account. One of the savings and loan accounts (Cocoa) expressly provided for right of survivorship. The other savings and loan account (Eustis) did not expressly provide for right of survivorship.
[3] See also Florida Statute 658.55; 658.56(3); 674.405; Drozinski v. Straub, 383 So.2d 301, 305 (Fla. 2d DCA 1980). Compare In Re Estate of Heyes, 515 So.2d 377, 380 (Fla. 4th DCA 1987); Seidl v. Estate of Michelsen, 487 So.2d 336, 338 (Fla. 4th DCA 1986).