SCHOONOVER, Chief Judge.
The appellant, Florida Conference Association of Seventh-Day Adventists, challenges a summary judgment entered in fa *1298 vor of the appellee, Gladys Thelma Clement, individually, and as personal representative of the estate of John W. Clement. We affirm in part and reverse in part.
John W. Clement died on May 4, 1988, leaving a last will and testament dated December 9, 1987. The appellant was a residuary beneficiary under the terms of the will which named the decedent’s wife, Gladys Thelma Clement, as the personal representative. The will was admitted to probate on May 9, 1988, and letters of administration were issued to Mrs. Clement on the same day.
On August 17, 1988, the appellant filed a petition to compel the personal representative to account for assets of the estate. The petition challenged the inventory filed by Mrs. Clement on June 14, 1988, and contended that the bank, savings and loan association, and credit union accounts which were transferred into joint accounts between the date of the decedent’s will and his death were assets of the estate and should have been included in the estate inventory. The petition alleged that all or some of the accounts were not valid joint tenancies with right of survivorship or tenancies by the entirety. The petition also alleged that some or all of the accounts were transferred by the deceased as a result of duress, fraud, or undue influence on the part of Mrs. Clement. The appellant did not challenge the validity of Mr. Clement’s will.
After the discovery process was completed, the trial court denied the appellant’s motion for partial summary judgment and granted the appellee’s motion for summary judgment disposing of all of the issues presented in appellant’s petition. The trial court held that all of the accounts in question were joint accounts with right of sur-vivorship, and because there was no evidence of duress, fraud, or undue influence, that the accounts passed to Mrs. Clement upon Mr. Clement’s death. This timely appeal followed.
Except for the five Barnett Bank certificates of deposit in the name of the deceased or Mrs. Clement, the trial court properly held that the accounts passed to Mrs. Clement at the time of Mr. Clement’s death. The court properly determined that the accounts were joint accounts which created a survivorship right and that there was no issue of material fact concerning the existence of duress, fraud, undue influence, or contrary intent. §§ 658.56, 665.-063, Fla.Stat. (1987). The summary judgment was, therefore, proper in connection with those accounts. Fla.R.Civ.P. 1.510(c).
The trial court erred, however, in holding, pursuant to sections 658.56 and 665.063, that the five Barnett Bank certificates of deposit (11973648, 11971866, 11968368, 11964348, 11978046) belonged to Mrs. Clement rather than the estate. The only evidence relied upon by the appellee to establish that these accounts were surviv-orship accounts was a document signed only by Mr. Clement. This document does not refer to survivorship status and states only: “or Gladys Clement.” In Harrison v. Huber, 463 So.2d 1190 (Fla. 2d DCA), cause dismissed by, 469 So.2d 749 (Fla.1985), this court held that some language of survivorship is required to invoke the presumption of survivorship and that the opening of an account in the name of the decedent or another person does not create a survivorship account. Although our sister court in Rosencrans v. Eden, 538 So.2d 970 (Fla. 5th DCA 1989), disagreed with our decision in Harrison, we adhere to it and, accordingly, reverse that part of the summary judgment holding that these accounts passed to Mrs. Clement upon the death of Mr. Clement. These accounts should be included in the estate.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
LEHAN and FRANK, JJ., concur.