QUINCE, Judge.
Leroy H. Merkle, Jr., as personal representative of the Estate of Florence M. Orri-co, appeals the trial court’s entry of a final judgment finding the appellee, Bernie J. Cannata, (Cannata) guardian of the property of the decedent, the sole owner of certain joint bank accounts he held with the decedent. Cannata cross-appealed the trial court’s determination of a statute of limitations issue and the court’s denial of a motion for a directed verdict. We reverse on the issue involving the bank accounts and affirm in all other respects.
*812 Cannata was the brother and guardian of the property of the decedent. On January 15, 1980, Orrico sold her home in Elmhurst, Illinois, for $67,600.00. The proceeds from that sale were placed in several bank accounts including the two Freedom Federal accounts which are the subject of this appeal. Both accounts, one a “NOW” checking account and the other a savings account were titled “Bernie Cannata or Florence Orrico,” and listed the decedent’s social security number for tax purposes.
In a petition for appointment of guardian filed on April 17, 1984, Cannata listed bank accounts and certificates of deposit totalling $40,000.00 as assets of the guardianship. Cannata on July 11, 1984, filed a petition for administration listing bank accounts totalling $26,564.90 as assets of the estate. An inventory of the guardianship filed on September 11, 1984, listed no bank accounts as assets of the guardianship. An amended guardianship accounting filed on January 8, 1988, listed two disbursements to Cannata on May 30, 1984, the date of Florence Orrico’s death. These disbursements were noted “Bernie J. Cannata — Right of Survivorship”; the disbursements were for the sums of $6,140.73 and $20,000.00.
Cannata admitted at trial that he removed the funds from the Freedom Federal accounts after Orrico’s death. He further admitted that proceeds from the sale of Orri-co’s home and bank accounts from Illinois were placed in several accounts in Florida, including the Freedom Federal accounts. Cannata stated he also put his pension checks in one of the joint accounts. He claimed entitlement to the funds because they were survivorship accounts. However, no other documentation or signature cards were introduced relating to these accounts.
In the final judgment the trial court found the estate failed to rebut the statutory presumption that the joint accounts were with rights of survivorship. The trial court erred in concluding the statutory presumption was applicable in this situation. As this court stated in Fortman v. Freedom Federal Savings and Loan Association of Tampa, 403 So.2d 985, 987 (Fla. 2d DCA 1981), in order for an account to be a surviv-orship account, the statute requires that the account be maintained in such form that the monies in the account are payable to either or the survivor or survivors. See section 665.063(l)(a), Florida Statutes (1991), and its predecessors which contain similar language. Some language of survivorship is required before the statutory rebuttable presumption is operative.
The only evidence concerning the accounts, sub judice, was the title of the. accounts with the designation “or.” No contract with Freedom Federal or signature cards were introduced at trial. We have consistently held the opening of an account with the decedent’s name “or” another person without more does not create a survivor-ship account. Harrison v. Huber, 463 So.2d 1190 (Fla. 2d DCA 1985), dismissed, 469 So.2d 749 (Fla.1985); In re Estate of Clement, 568 So.2d 1297 (Fla. 2d DCA 1990).
Accordingly, we hold the trial court incorrectly found the accounts opened in the name of the decedent or the appellee without more created a presumption of survivorship. We therefore reverse that portion of the trial court’s final judgment and remand for further proceedings consistent with this opinion. In all other respects the final judgment is affirmed.
FRANK, C.J., and PATTERSON, J., concur.