ZEHMER, Chief Judge.
Robert J. Herring appeals from an adverse final judgment entered on his petition for declaratory judgment filed in the pending administration of the estate of his grandfather, Herbert H. Herring. The petition sought a determination of his ownership interest in a six-month certificate of deposit originally obtained from the bank by his grandfather on May 25, 1989. The certificate of deposit contained directions for “automatic renewal” at the end of each six-month term, with interest added at maturity. On June 9, 1989, shortly after obtaining the certificate, the grandfather had the bank change the designated owners of the certificate of deposit to read “Herbert H. Herring or Robert J. Herring.” No words indicating surviv-orship upon the death of either were on the certificate. The certificate of deposit has been maintained in effect by the bank through automatic renewals. Herbert H. Herring died on September 4, 1992, and his will, executed shortly before his death, purported to leave all certificates of deposit to John A. Henderson, a friend, who is the duly appointed personal representative of the estate. At the conclusion of a nonjury trial on Herring’s petition, the trial court granted Henderson’s motion for directed verdict,[1] ruling that the disputed certificate of deposit was an asset of the estate and not the property of Robert J. Herring. For reasons hereinafter discussed, we hold that Robert J. Herring as the survivor was presumed to own the certificate of deposit pursuant to section 655.79, Florida Statutes (Supp.1992),[2] *147 and since that presumption was not rebutted, the certificate of deposit belongs to Robert J. Herring and is not an asset of the estate.
The facts recited above are not in dispute. During the final hearing, however, the trial court allowed Robert Herring to present testimony by representatives of the bank. One of these representatives established that Herbert H. Herring had requested that the certificate ownership be changed so that, if something happened to him, it would go to his grandson, Robert J. Herring. Both explained that it was the bank’s policy and practice, in 1989 and today, that designation of ownership in the name of Herbert H. Herring “or” Robert J. Herring on the certificate of deposit, with or without explicit sur-vivorship language, indicatéd joint ownership with the survivor having full ownership of the certificate upon the death of the other. This testimony was received subject to the trial court’s subsequent ruling on relevancy and materiality. The balance of the hearing consisted of argument on the applicable statutory and case law.
The trial court eventually declined to consider the testimony regarding the bank’s policy and explicitly ruled in the appealed judgment:
1. This court examined Florida Statute § 655.79, which became effective on July, 1992, and determines that said statute is controlling in this cause of action even though the Court sees no significant difference in it and its predecessor statute § 658.56(1).[3]
2. In regards to the Certificate of Deposit, it was not sufficiently established *148 that the decedent, H.H. Herring, knowingly sought to create a joint tenancy with right of survivorship with Robert Joseph Herring. Therefore, the presumption which is eluded [sic] to in the above mentioned statute and its predecessor does not arise.
3. The case of In re Estate of Combee, 601 So.2d 1165 (Fla.1992), was reviewed at the hearing and the Court finds that it is inapplicable to the present cause of action, since this ease dealt with bank accounts on which the signature card plainly indicated joint account with right of survivorship. Under that scenario, a presumption of joint tenants with right of survivorship would clearly arise.
4. The Respondent’s Motion for Directed Verdict is hereby granted, based on the authority of Harrison v. Huber, 463 So.2d 1190 (Fla. 2d DCA 1985), In re Estate of Clement, 568 So.2d 1297 (Fla. 2d DCA 1990), and In re Estate of Heyes, 515 So.2d 377 (Fla. 4th DCA 1987), therefore, the Estate of H.H. Herring, deceased, owns the Certificate of Deposit.... In reaching this decision, the Court disapproves of Rosecrans v. Eden, 538 So.2d 970 (Fla. 5th DCA 1989), since it is irreconcilably in conflict with the above mentioned cases.
It is apparent that the trial court concluded that, whether applying section 655.79 or section 658.56, no presumption of joint interest with right of survivorship in the certificate of deposit could arise unless the document contained the phrase “with right of survivorship” or words of similar import in the description of ownership.[4]
On appeal, Robert J. Herring argues that section 655.79 is applicable to determine the rights of the parties as it was the statute in effect when Herbert H. Herring died, and that the statute places ownership in the survivor of the two named owners without regard to whether such phrase was explicitly used. John A. Henderson, the personal representative, contends that section 658.56 governs, as it was the statute in existence when the certificate of deposit was initially issued, and that the court decisions cited in the appealed order construing that statute require the use of such phrase to create a survivorship interest.
Section 655.79, enacted by the legislature in section 48, chapter 92-303, Laws of Florida, became effective on July 3,1992. Section 658.56 was repealed by section 189 of that same chapter. The first paragraph of both sections created a presumption of ownership in the survivor under certain circumstances (see notes 2 and 3 supra). The principal difference between the language in these two statutes is the. omission from section 655.79(1) of words previously found in section 658.56(1) that read, “whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders.”
We conclude that section 655.79(1) is free of any ambiguity in prescribing that a bank account, “including a certificate of deposit,” that is opened or maintained “in the names of two or more persons shall be presumed to have been intended by such persons” that upon the death of any of them ownership passes to the survivors, unless the document creating the account expressly provides otherwise. It is patently clear from the language of this statute that no explicit words indicating survivorship need be used for this rebuttable presumption to arise. Accordingly, we hold that failure to include language of survivorship on the certificate in this case did not preclude the application of the statutory presumption of ownership. To that extent, we disagree with the trial court’s construction of this statute.
We find no valid reason, however, to disturb the trial court’s ruling that section 655.79 is applicable in determining the rights of the parties in this case. We reach this conclusion for two reasons.
First, John A. Henderson did not file a notice of cross-appeal from the trial court’s ruling that this statute was applicable, so that any error in that regard has not been properly preserved for our review on this *149 appeal. See generally Breakstone v. Baron’s of Surfside, Inc., 528 So.2d 437 (Fla. 3d DCA 1988); Miller v. Nassofer, 484 So.2d 619 (Fla. 5th DCA 1986); City of Hollywood v. Litteral, 446 So.2d 1152 (Fla. 4th DCA 1984); Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058 (Fla. 3d DCA 1981). In Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., the court explained the purpose and function of a cross-appeal:
The rule allowing for a cross-appeal contemplates an appeal from the same judgment from which the original appeal is taken. Wolfe v. City of Miami, 114 Fla. 238, 154 So. 196 (1934); Brown v. Vancleave, 86 Ky. 381, 6 S.W. 25 (1887). See also 4 Am.Jur.2d, Appeal and Error s 178 (1962). The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled. It is not the function of a cross-appeal to seek review of a distinct and separate judgment, albeit rendered in the same case below, favorable to the appellant.
397 So.2d at 1059.
In City of Hollywood v. Litteral, the city appealed from a summary judgment that ordered reinstatement of appellee Litteral to her former position as a community service officer. After achieving permanent employee status as a community service officer, Litteral became a probationary police officer but was terminated before serving her probationary period in that classification. After being denied a hearing before the civil service board, Litteral filed suit to enforce her employment rights both as a police officer and community service officer. The circuit court ruled that she was entitled to a hearing before the board regarding her status as a community service officer but not as a probationary police officer. The city appealed the adverse ruling giving her a hearing, but Lit-teral did not cross-appeal the ruling on her status as a police officer. In the appellate court, Litteral defended the ruling in her favor, but also argued the ruling as to her rights as a probationary police officer was erroneous. The appellate court declined to consider her arguments on this latter issue, explaining:
Appellee did argue the merits of the trial court’s ruling on her rights as a probationary police officer in her brief. However, she failed to file the notice of cross appeal required by Rule 9.110(g), Florida Rules of Appellate Procedure. Therefore, we do not address the issue. See generally Webb General Contracting, Inc. v. PDM Hydrostorage, 397 So.2d 1058 (Fla. 3d DCA 1981) [discussing function and proper usage of notice of cross appeal].
446 So.2d at 1154 n. 1.
Second, even if Henderson’s argument regarding the application of the 1992 statute should be considered as preserved, the language of section 655.79 requires that it be applied to the certificate of deposit in this case. Although the certificate was initially issued in 1989 for a period of six months, that account has been continuously maintained in effect by the bank throughout the ensuing years by reason of the automatic renewal provision. Section 655.79 recites that it is applicable both to the “opening” of an account and to the “maintenance” of an account, including a certificate of deposit. Thus, on its effective date, that section became applicable to all existing accounts being maintained by the bank. This is made clear by the rationale of the decision in Teasley v. Blankenberg, 298 So.2d 431 (Fla. 4th DCA 1974), wherein the court applied the statutory presumption of ownership newly created in section 665.271, Florida Statutes, to existing accounts being maintained by savings and loan institutions. The court explained:
The account at the First Federal Savings & Loan Association of Cocoa was opened on January 8, 1965 as a joint account with the right of survivorship. The account at the First Federal Savings & Loan Association of Eustis was opened on October 4, 1971, as a joint account but no evidence was offered that it expressly provided for the right of survivorship. In our *150 opinion, the two federal savings and loan savings accounts were governed by Section 665.271, F.S. (FN1)[5] Appellant contends that Section 665.271, F.S. would not apply to the Cocoa account because the statute became effective subsequent to the time the account was opened, and thus would be a retrospective application of the statute, and that it would not apply to the Eustis account because there was no evidence that the Eustis account expressly provided for right of survivorship as required by Section 689.15, F.S. We feel that neither contention would effectively preclude application of the statute to these particular accounts. Granting that the statute should not be given retrospective application, we consider that there is a proper basis for prospective application here. The statute applies to a savings account which is (being) maintained, and there is no question but that the Cocoa account was continuously maintained at all times after the effective date of the statute up until the account was closed by Mrs. Blankenberg’s withdrawal of the funds. Likewise, there is no question but that the Eustis account was under the savings and ban rules and regulations, maintained in the name of two persons “in such form that the moneys in the account (were) payable to either or the survivor or survivors”, despite the fact that there is an absence of evidence that the account expressly provided for right of survivorship as required generally under Section 689.15, F.S.
298 So.2d at 432. (Emphasis in original.)
Moreover, even if we were required to apply the provisions in section 658.56(1), we do not agree that no presumption of ownership arose upon the death of Herbert H. Herring under the language of that statute. That section, as does section 655.79(1), begins with the phrase “unless otherwise expressly provided in” the signature card, contract, or certificate of deposit establishing the account. This phrase connotes that whenever two or more persons are listed as owners, the presumption of joint ownership with right of survivorship arises unless expressly negated either by language in the instrument itself or by extrinsic proof as provided in subsection (2). The subsequent phrase in section 658.56(1), reading “whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders,” is clearly an alternative expression, being replete with the word “or,” and indicates that the presumption arises in any of the alternative circumstances listed, whether or not survivorship language is used in the signature card, contract, or certificate of deposit. This statutory language certainly does not expressly establish a requirement that words of survivorship be included in order to activate the presumption. If that had been the legislative intent, the introductory phrase would have omitted the words “unless otherwise” and substituted the word “if’ in their place so as to connote that words of survivorship must be included.[6] Requir *151 ing words of survivorship to give rise to the statutory presumption not only renders the words “unless otherwise expressly provided” redundant if not meaningless, it also completely eliminates the need for establishing the presumption in the first place, since explicit language of survivorship is ordinarily sufficient to pass joint ownership to the survivor. Therefore, we agree with the rationale of the Fifth District’s decision in Rosecrans v. Eden, 538 So.2d 970 (Fla. 5th DCA 1989), holding that section 658.56(1) does not require the inclusion of express language regarding survivorship to create the rebuttable presumption. We disagree with the contrary construction of section 658.56(1) in Harrison v. Huber, 463 So.2d 1190 (Fla. 2d DCA 1985), followed in In re Estate of Heyes, 515 So.2d 377 (Fla. 4th DCA 1987), and would note that neither of those eases contains an analysis of the statutory language in section 658.56 said to require the use of survivorship language.
In King v. King, 554 So.2d 600 (Fla. 1st DCA 1989), the bank account signature cards “indicate[d] that the accounts were maintained as joint and several accounts in the name of the decedent or appellant, with the further comment ‘adding son’s name to account,’ ” id., with no additional language of survivorship set forth. We held that this language was sufficient to raise the presumption of survivorship in section 658.56 and to permit the introduction of parole evidence of the decedent’s intent to rebut the presumption and prove that no right of survivorship was intended to be created. In the instant case, the trial court received, but apparently disregarded, undisputed testimony from bank representatives that Herbert H. Herring intended, consistent with the bank’s policy and practice, that the certificate of deposit should pass to his grandson, Robert, upon his death. Such evidence was admissible and relevant pursuant to our decision in King. No evidence to rebut the presumption of survivorship was presented by the estate.
Therefore, we reverse the judgment and remand with directions to enter judgment declaring that Robert J. Herring is the owner of the certificate of deposit.
REVERSED AND REMANDED.
BENTON, J., concurs.
LAWRENCE, J., dissents with opinion.

. "Although appellee labeled [the] motion as one for directed verdict, the appropriate motion in a nonjury trial, such as that at bar, is a motion to dismiss made at the close of the plaintiff's case.” Thalgott v. Thalgott, 571 So.2d 1368, 1370 n. 3 (Fla.1st DCA 1990).

. Section 655.79, Florida Statutes (Supp.1992), provides:
655.79 Deposits and accounts in two or more names; presumption as to vesting on death.—
(1) Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons shall be presumed to have *147 been intended by such persons to provide that, upon the death of any one of them, all rights, title, interest, and claim in, to, and in respect of such deposit account, less all proper setoffs and charges in favor of the institution, vest in the surviving person or persons.
(2) The presumption created in this section may be overcome only by proof of fraud , or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest, and claims in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the institution created thereby, less all proper setoffs and charges in favor of the institution against any one or more of such persons, upon the death of any such person, vest in the surviving person or persons, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person and notwithstanding that the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable.
(3) This section does not abridge, impair, or affect the validity, effectiveness, or operation of any of the provisions of ss. 655.78 and 674.405 or the rights of the institutions to make payments as therein provided.

. Section 658.56, Florida Statutes (1987), provides:
658.56 Deposits and accounts in two or more names; presumption as to vesting on death.—
(1)Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, title, interest, and claim in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank, shall vest in the surviving account holder or holders.
(2) The presumption herein created may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest, and claims in, to, and in respect of such deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank against any one or more of such persons, shall, upon the death of any such person, vest in the surviving account holder or holders, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person and notwithstanding that the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable.
(3) Nothing herein contained shall abridge, impair, or affect the validity, effectiveness, or operation of any of the provisions of ss. 658.55 and 674.405 or the rights of banks to make payments as therein provided.

. In fairness to the trial judge and counsel for both parties, they recognized that the law in this area appeared to be muddled and inconsistent, and they suggested that this confusion should be cleared up by the appellate court in this case.

. Footnote 1 reads:
F.S. 665.271 "Accounts in two or more names. — When a savings account is maintained in any association or federal association in the names of two (2) or more persons, whether minor or adult, in such form that the moneys in the account are payable to either or the survivor or survivors then, in the absence of fraud or undue influence, such account and all additions thereto, shall be the property of such persons as joint tenants. The moneys in account may be paid to or on the order of any one of such persons during their lifetimes or to or on the order of any one of the survivors of them after the death of any one (1) or more of them. The opening of the account in such form shall, in the absence of fraud or undue influence, be conclusive evidence in any action or proceeding to which either the association or the survivor or survivors is a party, of the intention of all of the parties to the account to vest tide to such account and the additions thereto in such survivor or survivors. * * * ”

. As thus rephrased, the statute would then read in pertinent part:
[If] expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, tide, interest, and claim in, to, and in respect of such deposits and account and additions thereto, and the obligation of the bank created thereby, ... shall vest in the surviving account holder or holders.