PER CURIAM.
In this guardianship case, Susan Karr, guardian of the person and property of her aunt, Nettie Pearson (“the ward”), appeals two orders — one denying her motion for discharge and one denying her motion for guardian fees. This court has jurisdiction.[1] We affirm as to the order denying the motion for guardian fees and as to most aspects of the order denying discharge. However, we reverse as to the trial court’s ruling that two Florida bank accounts and a Tennessee credit union account were solely owned by the ward.
At the evidentiary hearing held below, Karr established that all three accounts were titled in both her name and the ward’s name at the time of the ward’s death. As argued by Karr, this gave rise to a presumption of survivorship in her favor by virtue of section 655.79, Florida Statutes (2012).[2] Because there was no evidence presented to overcome the statutory presumption, the trial court erred in determining that the funds in these accounts belonged to the ward’s estate. The funds belong to Karr. We reverse that part of the trial court’s order addressing this issue, and affirm in all other respects. On remand, the trial court is directed to close the guardianship in a fashion consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED FOR FURTHER PROCEEDINGS.
PALMER, LAWSON and COHEN, JJ., concur.

. Although the order denying her motion for discharge is not a final order because it contemplates further judicial labor, it is appeal-able under Florida Rule of Appellate Procedure 9.170(b), which authorizes appeals from orders that "finally determine a right or obligation of an interested person....” The order did just that by determining that bank accounts and a mobile home Karr claimed were jointly owned by her and the ward were solely owned by the ward and thus part of her estate. The order denying guardian fees is final and otherwise appealable under rule 9.170 as well.

. This statute replaced former sections 658.56 and 665.063, Florida Statutes, in 1992. See Ch. 92-303, §§ 48, 194, Laws of Fla. The former statutes contained similar presumptions of survivorship, but were generally construed by courts to require evidence containing some language of survivorship, before the presumption was applied. See, e.g., Merkle v. Cannata, 642 So.2d 811, 812 (Fla. 2d DCA 1994). Under section 655.79, no specific language of survivorship is required to give rise to the presumption. In Re Estate of Herring, 670 So.2d 145, 148 (Fla. 1st DCA 1996).